**TEXAS DEPARTMENT OF TRANSPORTATION, Petitioner,**

v.

**Roger SEFZIK, Respondent.**

No. 08–0943.

Supreme Court of Texas.

Oct. 21, 2011.

Beth Ellen Klusmann, Assistant Solicitor General, Betsy Jane Johnson, Office of the Attorney General, Austin, James C. Ho, Gibson Dunn & Crutcher LLP, Dallas, David S. Morales, Office of the Attorney General of Texas, Deputy First Assistant Attorney General, Kent C. Sullivan, 14th Court of Appeals, Greg W. Abbott, Attorney General and Clarence Andrew Weber, Kelly Hart & Hallman LLP, Austin, for Texas Department of Transportation.

J. Allen Smith, Scott J. Conrad, Bradley E. McLain, Settle Pou, Dallas and Clyde Russell Woody, Hartzog Conger Cason & Neville, Oklahoma City, OK, for Roger Sefzik.

PER CURIAM.

At issue in this case is whether sovereign immunity bars Roger Sefzik's lawsuit seeking declaratory relief under the Uniform Declaratory Judgments Act (UDJA) against the Texas Department of Transportation (TxDOT). In *City of El Paso v. Heinrich,* we dismissed claims

seeking declaratory and injunctive relief against governmental entities as barred by sovereign immunity. 284 S.W.3d 366, 380 (Tex.2009). The court of appeals relied on our pre-*Heinrich ultra vires* precedent to conclude that declaratory judgment actions do not implicate sovereign immunity. We reverse and hold that state agencies, like TxDOT here, are immune from suits under the UDJA unless the Legislature has waived immunity for the particular claims at issue. However, because Sefzik's claim was filed pre-*Heinrich*, we remand the case to the trial court so that Sefzik has a reasonable opportunity to assert an *ultra vires* claim against state officials.

In March 2005, Sefzik filed a permit application with TxDOT to erect an outdoor advertising sign along Interstate 30. A few weeks later, another company filed a similar application, seeking to create a sign in the same area. After reviewing the conflicting applications, TxDOT found that Sefzik's permit was invalid. Under former section 21.142 of the Texas Administrative Code, applicants for sign permits were required to verify that a sign would be near adjacent commercial or industrial activities that had been open for at least ninety days. *See* 43 TEX. ADMIN. CODE § 21.142(2)(K), (30) (2008) (Tex. Dep't of Transp., Definitions) *repealed* 36 Tex. Reg. 2418 (2011) (proposed Dec. 2, 2010). When TxDOT received Sefzik's application, one of the businesses he listed was only open for seventy-eight days. TxDOT denied Sefzik's application and approved the competing bid.

Sefzik appealed to TxDOT's Executive Director, Michael Behrens, and requested an oral hearing. Behrens denied Sefzik's appeal without holding a hearing, and ex-plained that TxDOT had discretion to deny Sefzik's invalid permit application. Sefzik filed a motion for rehearing, arguing, *inter alia*, that he was entitled to a hearing under the Administrative Procedure Act's (APA) "contested case" procedures. *See* TEX. GOV'T CODE § 2001.051. TxDOT did not respond, and the motion was eventually overruled by operation of law.

Sefzik then filed suit against TxDOT but did not join Behrens or any other TxDOT official. Sefzik sought relief under the UDJA, requesting that the district court declare the APA's "contested case" procedures entitled him to a hearing.[1] TxDOT filed a plea to the jurisdiction, arguing that sovereign immunity barred Sefzik's suit. The district court granted the plea to the jurisdiction and denied Sefzik's motion for a new trial. Sefzik appealed.

A divided court of appeals reversed, holding that declaratory judgment claims do not implicate sovereign immunity and thus TxDOT was a proper party to the UDJA action. 267 S.W.3d 127, 132–34 ("[W]hen a private plaintiff merely seeks a declaration of his or her rights under a statute, such an action is not subject to a sovereign immunity defense, and a waiver or consent to suit is unnecessary."). Having concluded that the UDJA does not implicate sovereign immunity, the court of appeals did not decide whether the UDJA or the APA waives immunity.

 Reviewing the immunity question de novo, *see Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex.2009), we conclude that, under *Heinrich*, sovereign immunity bars UDJA actions against the state and its political subdivisions absent a legislative waiver.

---

1. Sefzik also alleged that TxDOT's actions violated his due process and equal protection rights under the United States and Texas Constitutions. The court of appeals ultimately affirmed the district court's dismissal on those issues, 267 S.W.3d at 135–38, and Sefzik did not petition this Court to review that decision.

*Heinrich* clarified an area of the law that had been unclear, namely, the intersection between the doctrine of sovereign immunity and the *ultra vires* exception to it. While the doctrine of sovereign immunity originated to protect the public fisc from unforeseen expenditures that could hamper governmental functions, *see Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 854 (Tex.2002), it has been used to shield the state from lawsuits seeking other forms of relief, *see, e.g., W.D. Haden Co. v. Dodgen,* 158 Tex. 74, 308 S.W.2d 838, 839 (1958) ("[T]he rule of state immunity from suit without its consent applies to suits under the Uniform Declaratory Judgments Act...."). Concomitant to this rule, however, is the *ultra vires* exception, under which claims may be brought against a state official for nondiscretionary acts unauthorized by law. *See, e.g., Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 404 (Tex.1997). Such lawsuits are not against the state and thus are not barred by sovereign immunity. *Id.*

■ In *Heinrich,* we addressed which governmental entities—the state, its subdivisions, or the relevant government actors in their official capacities—are proper parties to a suit seeking declaratory relief for an *ultra vires* action. 284 S.W.3d at 371–73. Heinrich sued the City of El Paso and various government officials, claiming the defendants violated her statutory rights when they altered her pension benefits. *Id.* at 369–70. She asked the courts to declare that the defendants acted without authority in taking such action. *Id.* Our precedent made clear that "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity." *Id.* at 372. While we recognized that these suits are against the state for all practical purposes, we held that they "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity." *Id.* at 373. Thus, we allowed Heinrich to pursue claims for prospective relief against the state officials, but we dismissed the claims against the city and the other governmental entities. *Id.* at 379–80.

■ Two points from *Heinrich* are relevant here. First, *Heinrich* held that the proper defendant in an *ultra vires* action is the state official whose acts or omissions allegedly trampled on the plaintiff's rights, not the state agency itself. *Id.* at 372–373. Sefzik did not sue any state official.[2] Instead, he argues that the court of appeals correctly exempted UDJA actions seeking a declaration of rights from the application of the sovereign immunity doctrine. The second point from *Heinrich* dictates otherwise. As noted, we dismissed Heinrich's claims seeking declaratory and injunctive relief against governmental entities, brought under the UDJA, because the entities were immune. In so doing, we necessarily concluded that the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law. Very likely, the same claim could be brought against the appropriate state official under the *ultra vires* exception, but the state agency remains immune. *See id.* at 372–73. As we have consistently stated, the UDJA does not enlarge the trial court's jurisdiction

---

**2.** Although Sefzik refused to apply the *ultra vires* label to his suit below, that is the underlying nature of his claim. The relief he seeks—a declaration that he is entitled to a hearing—is directly related to whether Behrens acted outside the scope of his authority in denying a hearing. That is, Sefzik ultimately wishes to compel a government official (Behrens) to perform some act that he considers to be nondiscretionary (holding a hearing). That relief falls within the *ultra vires* rationale.

but is "merely a procedural device for deciding cases already within a court's jurisdiction." *Tex. Parks & Wildlife Dep't v. Sawyer Trust,* 354 S.W.3d 384, 388 (2011) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993)). Accordingly, the underlying action, if against the state or its political subdivisions, must be one for which immunity has expressly been waived.

▉▉▉▉ Although the UDJA waives sovereign immunity in particular cases, Sefzik's claim does not fall within the scope of those express waivers. For example, the state may be a proper party to a declaratory judgment action that challenges the validity of a statute. *Heinrich,* 284 S.W.3d at 373 n. 6 (citing Tex. Civ. Prac. & Rem. Code § 37.006(b)); *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 697–98 (Tex.2003); *Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex.1994).[3] But Sefzik is not challenging the validity of a statute; instead, he is challenging TxDOT's actions under it, and he does not direct us to any provision of the UDJA that expressly waives immunity for his claim.[4]

▉▉▉▉ Sefzik also suggests that the APA provides a guide for analyzing the application of sovereign immunity to his case. The APA's declaratory judgment provision allows a plaintiff to challenge the validity or applicability of a rule. *See* Tex. Gov't Code § 2001.038(a), (c) ("The validity or applicability of a rule ... may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs ... a legal right or privilege of the plaintiff.... The state agency must be made a party to the action."). While the APA may waive sovereign immunity, an issue we do not decide here, Sefzik does not challenge the validity or applicability of any agency *rule.* Instead, he challenges the application of the APA's contested case procedures, which are established by *statute.* As noted in his brief, Sefzik's claim is broader than the APA's scope. Moreover, the APA's mechanism for seeking a declaration of rights does not trump *Heinrich's* conclusion that the state is generally immune from declaratory actions brought under the UDJA. Accordingly, section 2001.038 does not carry Sefzik's claim over the hurdle of sovereign immunity.

In the event that we reverse the court of appeals' judgment, Sefzik urges this Court to remand the case so that he can replead an *ultra vires* claim within the trial court's jurisdiction. If given that opportunity, Sefzik asserts he would plead a claim against TxDOT officials for improperly denying his permit. As mentioned previously, under the former Administrative Code provisions governing this case, applicants for sign permits were required to verify that a sign would be near adjacent commercial or industrial activities which had

---

3. We have recognized this waiver because the UDJA expressly requires joinder of the governmental unit. *See* Tex. Civ. Prac. & Rem.Code § 37.006(b) ("In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party ... and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard."); *Leeper,* 893 S.W.2d at 446 ("The DJA expressly provides that ... governmental

entities must be joined or notified."). This reasoning is consistent with the requirement that the Legislature expressly waive immunity with "clear and unambiguous" language. Tex. Gov't Code § 311.034; *Taylor,* 106 S.W.3d at 696.

4. On "rare occasions," we may recognize a waiver absent explicit language. *Taylor,* 106 S.W.3d at 697. Sefzik has not argued that we should infer a waiver of immunity under the UDJA, so we do not consider that possibility.

been open for at least ninety days. *See* 43 Tex. Admin. Code § 21.142(2)(K), (30) (2008) (Tex. Dep't of Transp., Definitions) *repealed* 36 Tex. Reg. 2418 (2011) (proposed Dec. 2, 2010). The Administrative Code went on to provide that "[p]ermits will be considered on a first-come, first-serve basis." *Id.* § 21.150 (2008) (Tex. Dep't of Transp., Permits) *repealed* 36 Tex. Reg. 2418 (proposed Dec. 2, 2010). If the first application was denied, the Administrative Code specified that other applications would be considered "between the time a denied application is returned to the applicant and the time it is resubmitted." *Id.* Sefzik contends that his application was the only one on file on the 90th day; thus, in denying his permit, TxDOT officials failed to perform a purely ministerial duty.

When this Court upholds a plea to the jurisdiction on sovereign immunity grounds, we allow the plaintiff the opportunity to replead if the defect can be cured. *See, e.g., Sawyer Trust,* 354 S.W.3d at 392 (citing *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840 (Tex. 2007)). As mentioned, Sefzik did not sue any state officials; however, Sefzik brought his claim pre-*Heinrich.* As we have observed, our decisions prior to *Heinrich* were "less than clear" as to who the proper party was in a suit for declaratory remedy, as well as the parameters of the *ultra vires* exception to the doctrine of sovereign immunity. *See Heinrich,* 284 S.W.3d at 373. In light of our clarifications to this area of the law in *Heinrich,* Sefzik should have an opportunity to replead in an attempt to cure the jurisdictional defects in his petition. We thus remand the case to allow Sefzik this opportunity without expressing any opinion on the merits of such a claim. *See Sawyer Trust,* 354 S.W.3d at 393.

Accordingly, without hearing oral argument, TEX. R. APP. P. 59. 1, we reverse in part the court of appeals' judgment, and remand the case to the trial court in accordance with this opinion.

Justice JOHNSON did not participate in the decision.