# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00526-CV

**Pharmserv, Inc., Appellant**

**v.**

**Texas Health and Human Services Commission; Office of the Inspector General of the Texas Health and Human Services Commission; Kyle Janek, in his Official Capacity as Commissioner of Texas Health and Human Services Commission; and Stuart W. Bowen, Jr.,[1] in his Official Capacity as Inspector General, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-12-001074, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Pharmserv, Inc., appeals from the trial court's order granting the pleas to the jurisdiction of the Texas Health and Human Services Commission (HHSC); the Office of the Inspector General of HHSC (OIG); Kyle Janek, HHSC Commissioner; and Stuart W. Bowen, Jr., Inspector General, (sometimes collectively HHSC) and dismissing Pharmserv's claims. Pharmserv brought an action under the Uniform Declaratory Judgments Act (UDJA) asserting ultra vires and contract claims and an alternative challenge to the validity of certain statutes and seeking declarations of its rights under certain rules and statutes and the parties' contract. *See* Tex. Civ. Prac. & Rem. Code § 37.004. Pharmserv also asserted a rules challenge under § 2001.038 of the

---

[1] We substitute Stuart W. Bowen, in his official capacity, as successor to Doug Wilson as Inspector General. *See* Tex. R. App. P. 7.2(a).

Administrative Procedure Act (APA). *See* Tex. Gov't Code § 2001.038. For the reasons that follow, we affirm in part and reverse and remand in part.

## STATUTORY AND REGULATORY FRAMEWORK

HHSC is the agency designated to administer the Texas Medicaid program. *See* Tex. Hum. Res. Code § 32.021(a); Tex. Gov't Code § 531.021(a). Licensed pharmacies may enroll as providers in the Medicaid program and are reimbursed by HHSC under the Vendor Drug Program. *See* Tex. Hum. Res. Code § 32.029; 1 Tex. Admin. Code §§ 354.1801–.1941 (Tex. Health & Human Servs. Comm'n,[2] Pharmacy Services). Under HHSC rules, providers participating in the Vendor Drug Program are subject to audit to determine any deviations from the program or "exceptions." *See* 1 Tex. Admin. Code § 354.1891 (Vendor Drug Providers Subject to Audit) (outlining procedures for audit and appeal). If a provider disagrees with the audit findings, it may present additional information, and if it still disagrees, it may appeal and be afforded an informal hearing or additional "desk review." *See id.* § 354.1891(c).

Once HHSC accepts the audit results, it notifies the provider, details the exceptions, and requests payment within 30 days. *See id.* § 354.1892 (Exception Notification). If the provider does not make restitution within 30 days, a vendor hold is placed on the provider's payment claims. *See id.*; *see also id.* § 354.1815 (2003) (Reasons for Placing a Pharmacy on Vendor Hold), *repealed* 37 Tex. Reg. 9905–06 (2012) (proposed Oct. 12, 2012) (Former 1 Tex. Admin. Code § 354.1815) (authorizing vendor hold in certain circumstances including failure to pay restitution in allotted

---

[2] All cites to the Texas Administrative Code are to rules issued by the Texas Health and Human Services Commission.

2

time).[3] HHSC has also adopted rules for imposing administrative sanctions on pharmacy providers for ethics violations. *See id.* § 354.1811 (Sanctions).

As participants in the Medicaid program, pharmacy providers are also subject to regulation by HHSC through its general authority under Chapter 531 of the Government Code and Chapter 32 of the Human Resources Code. *See generally* Tex. Gov't Code §§ 531.001–.988; Tex. Hum. Res. Code §§ 32.001–.256. Through its OIG, HHSC is responsible for investigating fraud and abuse and enforcing state laws related to the Medicaid program. *See* Tex. Gov't Code § 531.102(a); 1 Tex. Admin. Code § 371.11 (Office of Inspector General: Purpose and Scope). HHSC and OIG may conduct audits, investigations, and prepayment reviews of claims for reimbursement. *See* Tex. Gov't Code § 531.102(h)(4), (5); Tex. Hum. Res. Code § 32.0291(a)(1); 1 Tex. Admin. Code § 371.19 (Office of Inspector General: Investigation). OIG may assess administrative penalties or sanctions for program violations. *See* Tex. Gov't Code § 531.102(h)(1) (OIG may assess administrative penalties); Tex. Hum. Res. Code § 32.021(e) (requirements for rules governing penalties); 1 Tex. Admin. Code §§ 371.11(a), (c)(1) (Office of Inspector: Purpose and Scope) (OIG may impose sanctions and assess administrative penalties), .1643 (2005) (Use of Sanctions), *repealed* 37 Tex. Reg. 7998 (2012) (proposed Aug. 10, 2012) (listing sanctions that may be imposed for non-exclusive list of program violations found in 1 Tex. Admin. Code § 371.1617 (2005), *repealed* 37 Tex. Reg. 7999 (2012) (proposed Aug. 10, 2012)) (Former 1 Tex. Admin. Code § 371.1617).

---

[3] Some of the statutes and HHSC rules governing this case have since been repealed or amended. We refer to these former sections of the Texas Administrative Code and Texas Government Code where applicable. Otherwise, we refer to the current versions.

During the time frame relevant to this appeal, HHSC and OIG were authorized to impose, without prior notice, a "payment hold" on Medicaid reimbursements upon receiving "reliable evidence" of "fraud or wilful misrepresentation" by the provider. *See* Act of May 28, 2011, 82d Leg., R.S., ch. 879, § 3.11, sec. 351.102(g)(2), 2011 Tex. Gen. Laws 2228, 2234–35 (amended 2013) (current version at Tex. Gov't Code § 531.102(g)(2)) (OIG shall impose hold) (Former Tex. Gov't Code § 531.102(g)(2)); Act of June 2, 2003, 78th Leg., R.S., ch. 198, § 2.103, sec. 32.0291(b), 2003 Tex. Gen. Laws 611, 690 (amended 2013) (current version at Tex. Hum. Res. Code § 32.0291(b)) (HHSC may impose hold) (Former Tex. Hum. Res. Code § 32.0291(b)).[4] A provider subject to such a hold could request an expedited administrative hearing before the State Office of Administrative Hearings (SOAH). *See* Former Tex. Gov't Code § 531.102(g)(3) (HHSC shall file request for expedited hearing with SOAH upon timely written request by provider); Former Tex. Hum. Res. Code § 32.0291(c) (same). In addition, HHSC had adopted rules providing for payment holds without prior notice in certain other circumstances. *See* 1 Tex. Admin. Code § 371.1709.[5]

---

[4] Additionally, OIG was required to impose a payment hold "to compel production of records" or "when requested by the state's Medicaid fraud unit." *See* Former Tex. Gov't Code § 531.102(g)(2).

[5] This Court recently sustained a rules challenge to section 371.1709 on the ground that certain subparts of it exceed the statutory authority for pre-notice payment holds and declared rules 1709(a)(2), (3), (4) invalid. *See Harlingen Family Dentistry, P.C. v. Texas Health & Human Servs. Comm'n*, 452 S.W.3d 479, 481, 486–88, (Tex. App.—Austin 2014, pet. filed.); *see also* 1 Tex. Admin. Code § 371.1709(a)(2), (3), (4). No comparable rules challenge is presently before us in this case.

In 2013, both section 531.102 of the Government Code and section 32.0291 of the Human Resources Code were amended. Section 32.0291(b) now provides that HHSC's imposition of a payment hold on future claims is subject to section 531.102. *See* Tex. Hum. Res. Code § 32.0291(c).

**FACTUAL AND PROCEDURAL BACKGROUND**

Pharmserv is a pharmacy that serves Medicaid patients under written contract with HHSC as part of the Vendor Drug Program. In 2010, HHSC, through OIG, conducted a performance audit of Pharmserv covering the period from June 2006 through May 2008 and determined that Pharmserv owed the state more than $900,000. *See id.* § 354.1891. Based on a random sample, HHSC found 127 exceptions and extrapolated to reach the total amount owed. Pharmserv disagreed with the audit results and appealed. HHSC agreed to hold an informal hearing. *See id.* § 354.1891(c). The hearing was held and then continued at Pharmserv's request while Pharmserv sought more information. HHSC responded to the request for additional information and informed Pharmserv that its final response was due November 30, 2011. On December 29, 2011, HHSC informed Pharmserv that the audit was being upheld, that Pharmserv had 30 days to pay in full or reach an agreement with HHSC for a payment plan, and that failure to pay or arrange a payment plan would result in a vender hold on Pharmserv's future claims. *See id.* § 354.1892 (providing for vendor hold if restitution not received within 30 days of notice); Former 1 Tex. Admin. Code § 354.1815(2) (listing failure to make restitution revealed by audit as basis for vendor hold). The notice letter further stated that it was the only notice Pharmserv would receive.

The amendments to section 531.102 revised the language authorizing pre-notice payment holds "on receipt of reliable evidence" of fraud or wilful misrepresentation to read "on the determination that a credible allegation of fraud exists" and added requirements that (1) OIG employ experts to review certain investigative findings before imposing a payment hold without prior notice and (2) the notice sent after a payment hold has been imposed inform the provider of the basis for the hold and describe the administrative and judicial due process remedies available, including the right to seek informal resolution, a formal administrative hearing, or both. *See* Tex. Gov't Code § 531.102(g)(2), (l), (m).

Pharmserv responded by offering to pay a "compromise" amount and asking for a hearing under former rule 371.1669. *See* 1 Tex. Admin. Code § 371.1669 (2005) (Notice of Appeal), *repealed* 37 Tex. Reg. 7889–90 (2012) (proposed Aug. 10, 2012) (Former 1 Tex. Admin. Code § 371.1669) (procedure for appeal of administrative sanctions). HHSC informed Pharmserv that the appeal rights described in former rule 371.1669, which applied to administrative sanctions taken as the result of program violations under former rule 371.1617, are not applicable in the vendor drug audit context. HHSC referred Pharmserv to the applicable rules, rules 354.1891 and 354.1892, and stated that Pharmserv had been afforded the informal hearing envisioned by section 354.1891. Although the parties disagree as to the effective date, a payment hold was placed on Pharmserv's reimbursement claims.

Pharmserv filed suit against HHSC and OIG and against Janek and Bowen in their official capacities arguing that HHSC had violated Pharmserv's due process rights, asserting ultra vires and contract claims, and seeking declarations of its rights under former section 32.0291 of the Human Resources Code, Chapter 354 of Title 1 of the Administrative Code, and the parties' contract. *See* Tex. Civ. Prac. & Rem. Code § 37.004. HHSC and OIG filed a plea to the jurisdiction arguing that Pharmserv's claims against them are barred by sovereign immunity that is not waived by the UDJA. Janek and Bowen filed pleas to the jurisdiction contending that Pharmserv had not stated a valid ultra vires claim because the actions complained of were valid exercises of their discretion, that Pharmserv had not pleaded a valid claim based on denial of due process, and that there is no jurisdiction under the UDJA because Pharmserv did not challenge the validity of a statute. At the hearing on the pleas, HHSC argued that Pharmserv had not pleaded a rules challenge.

6

Following the hearing but prior to the trial court's ruling, Pharmserv filed a fifth amended petition to "clarify" that it was asserting (1) a rules challenge to rules 354.1891 and 354.1892 on the ground that they do not provide due process and (2) an alternative challenge to the validity of former section 32.0291 of the Human Resources Code and Chapter 531 of the Government Code. *See* Former Tex. Hum. Res. Code § 32.0291 (providing for prepayment reviews and postpayment holds); *see generally* Tex. Gov't Code §§ 531.001–.9871 (governing HHSC's authority over Medicaid program). The trial court granted the pleas, and this appeal followed.

## STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction challenges the court's authority to decide a case. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex. 2012). A plea questioning the trial court's subject matter jurisdiction raises a question of law that we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). When, as here, a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally and look to the pleader's intent. *Heinrich*, 284 S.W.3d at 378; *Miranda*, 133 S.W.3d at 226. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227. When the pleadings do not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate an incurable jurisdictional defect,

7

the issue is one of pleading sufficiency, and the plaintiff should be given an opportunity to amend. *Id.* at 226–27.

Sovereign immunity protects the state from "the litigation and judicial remedies that would be available if the same acts were committed by private persons[,]" *Bacon v. Texas Historical Comm'n*, 411 S.W.3d 161, 172 (Tex. App.—Austin 2013, no pet.), and thus encompasses two principles: immunity from suit and immunity from liability, *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323–24 (Tex. 2006). Immunity from suit prohibits suits against the state unless the legislature grants consent. *Id.* at 324. By entering into a contract, the state waives its immunity from liability but not its immunity from suit. *Id.* The state's sovereign immunity extends to various divisions of state government, including agencies. *Id.* Sovereign immunity from suit deprives a court of subject matter jurisdiction and therefore is properly asserted in a plea to the jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Miranda*, 133 S.W.3d at 225–26.

HHSC's plea to the jurisdiction includes challenges to Pharmserv's ultra vires claims. While sovereign immunity bars actions against the state absent a legislative waiver, *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004), requests for declaratory relief that do not attempt to control state action do not implicate governmental immunity at all, *see Heinrich*, 284 S.W.3d at 372. Suits against governmental officials alleging that they "acted without legal authority or failed to perform a purely ministerial act" and seeking to compel the officials "to comply with statutory or constitutional provisions" fall within the "ultra vires" exception to governmental immunity because they "do not attempt to exert control over the state--they attempt to reassert the control *of* the state."

8

*Id.* To determine whether a party has asserted a valid ultra vires claim, we construe the relevant statutory provisions, apply them to the facts alleged, and determine whether those facts constitute acts beyond the official's authority or establish a failure to perform a purely ministerial act. *See Texas Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 701–02 (Tex. App.—Austin 2011, no pet.); *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 516 n.8 (Tex. App.—Austin 2010, no pet.) (quoting *Hendee v. Dewhurst*, 228 S.W.3d 354, 368–69 (Tex. App.—Austin 2007, pet. denied)) (when analyzing whether plaintiff has alleged ultra vires acts, we construe statutes defining official's authority, apply provisions to pleaded and unnegated facts, and determine whether those facts fall within or outside that authority).

The resolution of the jurisdictional issues in this case turns on statutory construction, which is a question of law that we review de novo. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Our primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). "We generally avoid construing individual provisions of a statute in isolation from the statute as a whole," *Texas Citizens*, 336 S.W.3d at 628, we must consider a provision's role in the broader statutory scheme, *see 20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008), and we presume that "the entire statute is intended to be effective," Tex. Gov't Code § 311.021(2).

9

Here, we must construe statutes and rules that HHSC is charged with administering. *See* Tex. Hum. Res. Code § 32.021(a); Tex. Gov't Code § 531.021(a). If the language of the statute or rule is ambiguous, we may defer to an administrative agency's construction of its own statutory authority. *Texas Bd. of Chiropractic Exam'rs v. Texas Med. Ass'n*, 375 S.W.3d 464, 475 (Tex. App.—Austin 2012, pet. denied). "[A]n agency's interpretation of a statute it is charged with enforcing is entitled to 'serious consideration,' so long as the construction is reasonable and does not conflict with the statute's language." *Texas Citizens*, 336 S.W.3d at 624. When a statutory scheme is subject to multiple interpretations, we should defer to an enforcing agency's construction if it is reasonable and in harmony with the statute. *Id.* at 629 (observing that "governmental agencies have a 'unique understanding' of the statutes they administer") (quoting *Wyeth v. Levine*, 555 U.S. 555 (2009)). This deference is particularly important in construing a complex statutory scheme like that governing Texas Medicaid. *See id.* at 629–30; *Southwest Pharmacy Solutions, Inc. v. Texas Heath & Human Servs. Comm'n*, 408 S.W.3d 549, 562 (Tex. App.—Austin 2013, pet. denied). We construe administrative rules in the same manner as statutes. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011). We defer to an agency's interpretation of its own rules unless it is plainly erroneous or contradicts the text of the rule or underlying statute. *Public Util. Comm'n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991); *Texas Med. Ass'n*, 375 S.W.3d at 475. With these rules of construction in mind, we turn to Pharmserv's issues.

## DISCUSSION

**Ultra Vires Claims**

In its first and second issues, Pharmserv argues that Janek and Bowen acted ultra vires by failing to provide Pharmserv due process. Pharmserv contends that former section 32.0291 and former rule 371.1667(b) required HHSC to provide it a SOAH hearing. *See* Former Tex. Hum. Res. Code § 32.0291(c) (providing for expedited SOAH hearing when provider is subject to payment hold for fraud or wilful misrepresentation); 1 Tex. Admin. Code § 371.1667(b) (2005) (Due Process for Administrative Sanctions), *repealed* 37 Tex. Reg. 7989–90 (proposed Aug. 10, 2012) (affording provider against whom sanction is imposed informal hearing, formal appeal hearing, or both) (Former 1 Tex. Admin. Code § 371.1667(b)). Pharmserv argues that HHSC should not be able to avoid providing the due process afforded in former section 32.0291 by declining to allege fraud and that the payment hold in this case amounts to a sanction despite HHSC's refusal to label it as one so that the due process provisions of former rule 371.1667(b) apply. Pharmserv contends that Janek's and Bowen's interpretation of their own rules violates the due process provisions of the Texas Constitution and is outside their authority. Pharmserv further contends that Chapter 531, authorizing HHSC to administer the Medicaid program, does not grant HHSC the authority to promulgate rules that deny due process, in this case rule 354.1891 and former rule 371.1669. In the alternative, Pharmserv argues that Janek and Bowen acted ultra vires by failing to adopt rules that do afford Pharmserv due process. In sum, Pharmserv argues that Janek and Bowen acted ultra vires in misinterpreting and misapplying rules that afford Pharmserv due process, promulgating and

11

applying rules that deny Pharmserv due process, and, alternatively, failing to adopt rules that do afford Pharmserv due process.

*Statutory basis for right to contested case hearing*

At the core of Pharmserv's ultra vires claims is the argument that Pharmserv is entitled to a contested case hearing before SOAH. However, not every dispute between an agency and another party constitutes a contested case proceeding. *See McAllen Hosps., L.P. v. Suehs*, 426 S.W.3d 304, 314 (Tex. App.—Amarillo 2014, no pet.). In fact, "this Court has long held that, absent express statutory authority, the APA does not independently provide a right to a contested case hearing." *Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 123 (Tex. App.—Austin 2007, no pet.); *accord Texas Comptroller of Pub. Accounts v. Walker Elec. Co.*, No. 03-13-00285-CV, 2014 Tex. App. LEXIS 12648, at *11 (Tex. App.—Austin Nov. 21, 2014, no pet.) (mem. op.). The particular agency's enabling act determines whether rights are to be determined after an opportunity for adjudicative hearing, and agency rules may decide whether that opportunity includes a contested case hearing. *McAllen Hosps.*, 426 S.W.3d at 314; *Texas Comm'n on Envtl. Quality v. City of Waco*, 413 S.W.3d 409, 423 (Tex. 2013); *see Walker Elec. Co.*, 2014 Tex. App. LEXIS 12648, at *12.

Pharmserv contends that former section 32.0291 of the Human Resources Code and former rule 371.1667(b) created its right to a SOAH hearing. However, as expressed in the plain language of these provisions, they applied in cases involving fraud or wilful misrepresentation and sanctions, respectively, neither of which is present in this case, which arises from the pharmacy vendor audit procedures and not from allegations of fraud or from administrative sanctions.

*See* Former Tex. Hum. Res. Code § 32.0291; 1 Tex. Admin. Code §§ 354.1891, .1892; Former 1 Tex. Admin. Code § 371.1667(b)); *Marks*, 319 S.W.3d at 663. Pharmserv cites no other statute or rule as a basis for its purported right to a SOAH hearing and has not asserted an argument for our departure from the precedent that the APA does not independently create a right to a contested case hearing. *See Texas Logos, L.P.*, 241 S.W.3 at 123; *Walker Elec. Co.*, 2014 Tex. App. LEXIS 12648, at *11–12. Thus, Pharmserv has not shown a statutory right to a contested case hearing.

*Constitutional basis for right to contested case hearing*

Pharmserv also argues that Janek and Bowen denied its due process rights provided by the Texas Constitution, citing article I, sections 13 and 19. *See* Tex. Const. art. I, §§ 13 (open courts provision), 19 (affording citizens right to due course of law). In evaluating Pharmserv's due process claims, we must determine whether Pharmserv has been deprived of a vested property right and, if so, what process is due. *See Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009) (citing *University of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995)); *Coastal Habitat Alliance v. Public Util. Comm'n*, 294 S.W.3d 276, 286 (Tex. App.—Austin 2009, no pet.) (noting that "our first inquiry in a procedural due process claim is whether the plaintiff has been deprived of a property or liberty interest deserving protection"). "What process is due is measured by a flexible standard that depends on the practical requirements of the circumstances." *Than*, 901 S.W.2d at 930 (citing *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). "At a minimum, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful

13

manner." *Scally v. Texas State Bd. of Med. Exam'rs*, 351 S.W.3d 434, 447 (Tex. App.—Austin 2011, pet. denied) (citing *Mathews*, 424 U.S. at 333; *Than*, 901 S.W.2d at 930).

Pharmserv does not identify its claimed vested property right, other than to complain of economic harm from HHSC's withholding payments as a "unilateral sanction," and does not cite any authority that extends a vested property right in Medicaid reimbursements to a provider subject to a vendor hold.[6] Even assuming that Pharmserv has established a vested property right, however, we conclude that Pharmserv has not been deprived of its constitutional right to due process. HHSC provided Pharmserv notice in accordance with rule 354.1892 and afforded it the procedural remedies outlined in rule 354.1891. *See* 1 Tex. Admin. Code §§ 354.1891, .1892. Thus, Pharmserv was afforded "notice and an opportunity to be heard at a meaningful time and in a meaningful manner," *see Scally*, 351 S.W.3d at 447, and it has not demonstrated a constitutional right to a SOAH hearing.

*Contractual basis for right to contested case hearing*

As a third basis for its due process claims, Pharmserv argues in its first and second issues and in part of its fifth issue that it has a right under its vendor contract to a SOAH hearing. Pharmserv relies on a provision in the parties' contract that HHSC may impose a payment hold "consistent with due process." However, the contract also incorporates and requires Pharmserv to comply with all HHSC "regulations, rules, policies, and procedures." As we have discussed, what

---

[6] The Fifth Circuit has held that a Medicaid provider subject to payment holds based on a fraud investigation has no property right in legitimately earned, current reimbursements that are not subject to investigation because federal law does not prohibit the payment holds and Texas state law explicitly allows them. *See Personal Care Prods., Inc. v. Hawkins*, 635 F.3d 155, 159 (5th Cir. 2011).

14

process is due is a flexible standard depending on the circumstances. *Than*, 901 S.W.2d at 930.

Here, Pharmserv contractually agreed to comply with applicable HHSC rules, and it was afforded

notice and opportunity to be heard in accordance with rules 354.1891 and 354.1892. Thus, even

assuming that Pharmserv has a vested property interest, it has not shown a contractual right to a

contested case hearing.

*Procedural violations*

In its final argument under issues one and two, Pharmserv urges that Janek and

Bowen acted ultra vires by violating Pharmserv's due process rights in deviating from required

procedures, specifically by refusing to provide meaningful discovery, failing to provide adequate

notice, failing to request an expedited SOAH hearing under former section 32.0291(c), and failing

to adopt rules as required under former section 32.0291(d) that would allow Pharmserv to seek an

informal resolution of the payment hold dispute.[7] *See* Former Tex. Hum. Res. Code § 32.0291(c)

(on timely request by provider subject to postpayment hold under subsection (b), HHSC shall file

request for expedited hearing), (d) (HHSC shall adopt rules for informal resolution of issues). The

record does not support the conclusion that the alleged procedural failures occurred.[8] Even assuming

some procedural deviations occurred, however, failure to provide notice or otherwise comply with

---

[7] Pharmserv also argues that it has a right under its vendor contract to a SOAH hearing. We address this argument in our discussion of Pharmserv's UDJA claims.

[8] The record reflects that HHSC responded to Pharmserv's requests for additional information in accordance with rule 354.1891 and provided notice in accordance with rule 354.1892. *See* 1 Tex. Admin. Code §§ 354.1891, .1892. Further, based on the plain language of former sections 3.0291(c) and (d), they do not apply on the facts of this case. *See* Former Tex. Hum. Res. Code § 32.0291(c), (d) (applying to provider subject to payment hold based on evidence of fraud or wilful misrepresentation); *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010).

15

"all of the intricacies of the [audit] process cannot be the factor that confers jurisdiction." *See Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 528 (Tex. App.—Austin 2002, pet. denied). Rather, Pharmserv was required to allege Janek and Bowen acted wholly outside their authority. *See id.* Based on the record and the plain language of the statute, we cannot conclude that Pharmserv has done so. *See* Former Tex. Hum. Res. Code § 32.0291(b), (c), (d); *Marks*, 319 S.W.3d at 663.

*Summary of conclusions*

Pharmserv's complaints concern the actions of Janek and Bowen in adopting rules. However, Janek and Bowen are authorized to implement rules in administering the Medicaid program, and in adopting the rules Pharmserv complains of, they did not exercise authority beyond their statutorily conferred powers. *See, e.g.*, Tex. Gov't Code §§ 531.0055 (Executive Commissioner: General Responsibility for Health and Human Services Agencies), .021(a) (Administration of Medicaid Program), .102 (Office of Inspector General); Tex. Hum. Res. Code § 32.021(c) (HHSC shall adopt rules for proper and efficient operation of Medicaid program); *Heinrich*, 284 S.W.3d at 372 (ultra vires suit must allege, and ultimately prove, that officer acted without legal authority or failed to perform a purely ministerial act). Therefore, because Pharmserv has failed to establish a statutory, constitutional, or contractual right to due process in the form of a contested case hearing, we conclude that Janek and Bowen did not exceed their statutory authority in interpreting former section 32.0291 and former rule 371.1667(b), which provide for a SOAH hearing, as inapplicable or in promulgating and applying rules 354.1891 and 354.1892, which do not afford Pharmserv a SOAH hearing. *See* Former Tex. Hum. Res. Code § 32.0291; Former 1 Tex.

16

Admin. Code § 371.1667(b); *Heinrich*, 284 S.W.3d at 372; *Texas Logos, L.P.*, 241 S.W.3d at 123 (concluding claims that TXDOT refused to determine Texas Logos's protest through contested case proceeding did not allege acts that exceeded TXDOT's statutory authority).[9]

Further, the APA does not authorize judicial review of an agency's decision not to promulgate a rule. *See Texas Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887, 895 (Tex. App.—Austin 2014, no pet.) (observing that no Texas court has ever held that agency's refusal to promulgate rules is reviewable by courts). For this additional reason, we further conclude that Janek and Bowen did not fail to perform a ministerial duty in declining to adopt rules that afford Pharmserv a SOAH hearing on the facts of this case. *See Heinrich*, 284 S.W.3d at 372. Finally, even assuming HHSC failed to follow certain procedural steps, any such failure does not fall wholly outside Janek's and Bowen's authority to act. *See Friends of Canyon Lake*, 96 S.W.3d at 528. Because Pharmserv has failed to allege a valid ultra vires claim, we overrule Pharmserv's first and second issues and its fifth issue as to its due process claim.

**UDJA Claims**

In its third issue and in the remainder of its fifth issue, Pharmserv argues that sovereign immunity does not bar its UDJA claims. Pharmserv seeks construction of HHSC's "legislative pronouncements and promulgation of administrative rules" and a declaration of it rights

---

[9] To the extent Pharmserv complains of the substance of adopted rules in its discussion of its ultra vires claims, we construe that argument as a rules challenge that should be asserted under section 2001.038 of the APA. *See* Tex. Gov't Code § 2001.038 (providing that validity or applicability of rule may be determined in action for declaratory judgment). We address Pharmserv's purported rules challenge below in our discussion of Pharmserv's UDJA claims.

under certain statutes and rules. Pharmserv contends that sovereign immunity is waived for these claims. We do not find this argument persuasive.

The UDJA does not waive the state's sovereign immunity when a plaintiff seeks a declaration of his rights under a statute or other law. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011). The UDJA does not enlarge the trial court's jurisdiction; rather, the underlying action against the state or its political subdivisions must be one for which immunity has been expressly waived. *Id.* at 621–22. While the UDJA does waive a governmental entity's immunity for a declaration construing a statute, Pharmserv does not simply seek construction of a statute; rather, it is challenging the state's *actions* under certain statutes, and it does not cite any provision of the UDJA that expressly waives immunity for such claims. *See id.* at 622 (no waiver of immunity where plaintiff challenged state's actions under statute and did not direct court to any provision of UDJA that expressly waived immunity for claim); *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011) ("[S]overeign immunity will bar an otherwise proper [U]DJA claim that has the effect of establishing a right to relief against the State for which the Legislature has not waived immunity."); *Montrose Mgmt. Dist. v. 1620 Hawthorne, Ltd.*, 435 S.W.3d 393, 404) (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (governmental immunity not waived under UDJA for complaints about governmental entity's action under statute). And although the UDJA waives sovereign immunity for suits to challenge the validity of a statute, and the APA's declaratory judgment provision allows a plaintiff to challenge the validity or applicability of a rule, *see* Tex. Civ. Prac. & Rem. Code § 37.006; Tex. Gov't Code § 2001.038; *Sefzik* 355 S.W.3d at 622; *Sawyer Trust*, 354 S.W.3d at 388, to the extent Pharmserv asserted a rules

18

challenge or challenged the validity of a statute in the trial court, it has waived those claims on appeal.

In its fifth amended petition, Pharmserv asserted a challenge under section 2001.038 of the APA to rules 354.1891 and 354.1892 on the ground that the rules denied Pharmserv its due process right to a SOAH hearing. However, on appeal, although Pharmserv states that it seeks a determination that "an administrative rule, practice, or statute" that denies due process is invalid, it does not specify the statutes or rules it contends are invalid or offer any argument or authority in support of this argument and has therefore waived it. *See* Tex. R. App. P. 38.1(i). Further, to the extent Pharmserv has attempted to encompass its rules challenge in its arguments supporting its ultra vires claims based on due process, we have already concluded that Pharmserv has no such due process right to a SOAH hearing. As for challenging the validity of any statutes, in its fifth amended petition, Pharmserv stated that it was making an alternative challenge to former section 32.0291 of the Human Resources Code and Chapter 531 of the Government Code to the extent that they authorize rules that deny due process. However, other than that bare statement, the petition contains no argument in support of a challenge to those statutes. In fact, in its rules challenge, Pharmserv relied on section 32.0291 in arguing that the rules violated that section. Further, on appeal, Pharmserv makes no reference to the invalidity of either statute and has waived any such challenge due to inadequate briefing. *See id.*

Pharmserv also seeks an interpretation of its contract with HHSC and declaration of its rights under the contract. Pharmserv relies on a reference in the contract to litigation between the parties as support for its right to litigate its due process claims. However, when the state contracts

19

with a private party, it waives immunity from liability, but not from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Only the legislature can waive sovereign immunity from suit, and administrative agencies cannot waive immunity from suit by agreeing to contract terms. *Id.*; *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 858 (Tex. 2002). Thus, even though the deputy executive commissioner who executed Pharmserv's vendor drug program contract had the authority to enter into the contract on HHSC's behalf, he did not have authority to, and therefore did not, waive HHSC's immunity from suit. *See IT-Davy*, 74 S.W.3d at 858 (agency's executive director had authority to enter contract but did not have authority to, and thus did not, waive agency's immunity from suit). Declaratory judgment suits seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities are attempts to control state action and cannot be maintained without legislative consent. *Id.* at 855–56. Pharmserv cites no statutory authority as a basis for waiver of immunity other than the UDJA. Thus, in the absence of legislative consent, Pharmserv's UDJA claims are barred by sovereign immunity. *See Sykes*, 136 S.W.3d at 638. We overrule Pharmserv's third issue and the remainder of its fifth issue.[10] Accordingly, we affirm the trial court's order as to its grant of the pleas to the jurisdiction.

**Trial Court's Dismissal of Pharmserv's Claims**

When we uphold a plea to the jurisdiction on sovereign immunity grounds, we allow the plaintiff the opportunity to replead if the defect can be cured. *Sefzik*, 355 S.W.3d at 623 (citing

---

[10] In what it characterizes as its fourth issue, Pharmserv argues that the trial court incorrectly relied on inapplicable case law as authority for its decision to grant HHSC's and OIG's pleas to the jurisdiction. Whether the trial court did so is an argument subsumed within our determination of Pharmserv's other issues, and we therefore do not reach it separately.

*Sawyer Trust*, 354 S.W.3d at 394); *Miranda*, 133 S.W.3d at 226–27. This Court recently declared invalid parts of HHSC's rule 371.1709(a) on the ground that they exceed the statutory authority for pre-notice payments holds. *See Harlingen Family Dentistry, P.C. v. Texas Health & Human Servs. Comm'n*, 452 S.W.3d 479,481, 486–88, (Tex. App.—Austin 2014, pet. filed.); *see also* 1 Tex. Admin. Code § 371.1709(a)(2), (3), (4). Although Pharmserv's pleadings do not affirmatively demonstrate jurisdiction, in light of our holding in *Harlingen Family Dentistry*, neither do they negate the existence of jurisdiction, and Pharmserv should have an opportunity to replead in an attempt to cure the jurisdictional defects in its rules challenge. *See Sefzik*, 355 S.W.3d at 623; *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) (plaintiff generally deserves reasonable opportunity to amend defective pleadings unless pleadings demonstrate incurable defects or negate the existence of jurisdiction); *Miranda*, 133 S.W.3d at 226–27 (when pleadings do not affirmatively demonstrate incurable defects in jurisdiction, plaintiffs should be afforded opportunity to amend). We therefore reverse the trial court's dismissal of Pharmserv's claims and remand the case to allow Pharmserv this opportunity without expressing any opinion on the merits of such a claim. *See Sefzik*, 355 S.W.3d at 623 (remanding to allow plaintiff to replead to assert ultra vires claim in light of supreme court's holding in *Heinrich*, 284 S.W.3d 373); *City of McKinney v. Hank's Rest. Grp., L.P.*, 412 S.W.3d 102, 113, 117, 121 (Tex. App.—Dallas 2013, no pet.) ( remanding to allow plaintiff to (1) replead claims for declaratory relief where plaintiff's request for declaration that city was attempting to enforce "unenforceable provisions" of city code did not specify ordinances or reasons they were invalid and thus did not affirmatively demonstrate jurisdiction but also did not

demonstrate claim was barred by immunity and (2) to replead to assert ultra vires claims in light of *Heinrich*).

## CONCLUSION

Having overruled Pharmserv's issues, we affirm the trial court's grant of the pleas to the jurisdiction of HHSC, OIG, Janek, and Bowen. Because Pharmserv's pleadings do not affirmatively demonstrate incurable defects in jurisdiction, we reverse the trial court's dismissal of Pharmserv's claims and remand this case to the trial court for further proceedings in accordance with this opinion.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed in Part; Reversed and Remanded in Part

Filed: April 9, 2015