ACCEPTED
15-24-00051-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/20/2025 3:49 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/20/2025 3:49:11 PM
CHRISTOPHER A. PRINE
Clerk

# No. 15-24-00051-CV

## IN THE FIFTEENTH COURT OF APPEALS OF TEXAS

Crowley Independent School District

*Appellant*

v.

Carl Stoneham and Mike Morath, in his official capacity as Commissioner of Education of Texas

*Appellees*

On Appeal from the 48th District Court of Tarrant County
No. 048-336026-22, Hon. Chris Taylor, Judge Presiding

## CROWLEY ISD'S REPLY BRIEF

Crowley Independent School District (Crowley ISD) respectfully submits this Reply Brief in response to Appellees' arguments opposing Crowley ISD's Motion for Rehearing regarding the Memorandum Opinion issued on November 19,2024.

### I. INTRODUCTION

Regarding whether this Court and the trial court have jurisdiction over

Stoneham's claim for declaratory relief under the UDJA, Appellees present two flawed arguments.[1]

First, Appellee Stoneham acknowledges that Crowley ISD's immunity would typically bar his claim but contends that Crowley ISD waived its immunity by seeking judicial review of the Commissioner's decision. Second, Commissioner Morath asserts that Crowley ISD's immunity does not apply because the Court's review of the Commissioner's decision inherently grants jurisdiction over related claims.

## II.  ARGUMENT

Appellees attempt to sidestep well-established principles of sovereign immunity by invoking the Uniform Declaratory Judgments Act (UDJA). However, binding precedent makes clear that the UDJA does not operate as a general waiver of sovereign immunity, nor does it create an independent cause of action against the state or its political subdivisions.

---

[1] Appellant notes that Appellee Stoneham's attorneys have withdrawn their claim for attorney's fees, acknowledging that such fees do not qualify as an offset against the affirmative relief sought by a governmental entity and are consequently barred by sovereign immunity. (Carl Stoneham's Response to Appellant's Motion for Rehearing, pg 6, n6.) Accordingly, Appellant will not address attorney's fees in this reply brief.

Texas courts have consistently held that absent a clear legislative waiver, governmental entities—including school districts—remain immune from suit.

## A. School Districts Are Immune from Suit Under the UDJA

The UDJA is a procedural tool, not a jurisdictional grant. *See Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 (Tex. 2011). Sovereign immunity bars declaratory relief claims that seek to impose obligations on governmental entities without a valid waiver. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984). As a political subdivision of the state, Crowley ISD enjoys this immunity unless the legislature explicitly provides otherwise. *See Alden v. Maine*, 527 U.S. 706, 756 (1999); *Williams v. Dallas Indep. Sch. Dist.*, 53 F.3d 1281, 1283 (5th Cir. 1995).

Texas courts have repeatedly confirmed that the UDJA does not operate as a blanket waiver of sovereign immunity. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust,* 354 S.W.3d 384, 388 (Tex. 2011) ("The UDJA does not enlarge a trial court's jurisdiction and does not waive immunity when the plaintiff seeks to impose liability on the State."). Because Appellee Stoneham's claim seeks to impose obligations on Crowley ISD, it falls squarely within the category of claims barred by sovereign immunity.

**B. Stoneham's UDJA Claim Is Not a Proper Defensive Counterclaim**

Stoneham argues that Crowley ISD waived immunity by initiating judicial review of the Commissioner's decision, citing *Reata Construction Corporation v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006). However, his reliance on *Reata* is misplaced. That case holds that a governmental entity waives immunity by asserting *affirmative claims for monetary relief*, but only with respect to any counterclaims that are *germane to, connected with, and properly defensive to the entity's own claims*. *Id.* at 377. Here, Stoneham's claim is not a proper defensive counterclaim; it is an independent offensive action masquerading as a response.

Similarly, Stoneham's reliance on *Hughes v. Tom Green County*, 573 S.W.3d 212 (Tex. 2019), is unpersuasive. *Hughes* does not hold that merely stepping into a courtroom constitutes a wholesale waiver of sovereign immunity. Instead, it reiterates that governmental entities waive immunity only when they seek affirmative relief beyond judicial review. *Id.* at 219. Crowley ISD simply pursued judicial review of an administrative determination—this does not invite affirmative relief against it.

### C. Commissioner Morath's Argument that the UDJA Claim Falls within the Court's Jurisdiction is Flawed.

Commissioner Morath contends that judicial review of the Commissioner's decision automatically brings Stoneham's declaratory relief claim under the UDJA within the Court's jurisdiction. But the proper inquiry is whether sovereign immunity allows it, and Texas law is clear: it does not. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–71 (Tex. 2009).

The Texas Supreme Court has consistently held that jurisdiction over one claim does not automatically extend to an otherwise barred claim. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011). Commissioner Morath's assertion that Stoneham's counterclaim is "ancillary" does not change this fundamental principle. The Legislature has not waived immunity for this type of declaratory relief, and thus, the trial court lacked jurisdiction to consider it.

## CONCLUSION & PRAYER

Sovereign immunity bars the declaratory judgment claim against Crowley ISD. The UDJA does not provide an independent basis for jurisdiction, and Crowley ISD did not waive immunity by initiating

5

litigation. Appellees' reliance on the UDJA is misplaced, and their arguments conflict with binding precedent. This Court should issue a new opinion that reverses and renders the declaratory judgment claim.

Additionally, the Memorandum Opinion contains misstatements about the record that, when corrected, necessitate a different outcome. Once those misstatements are rectified, it is clear the trial court erred in affirming the Commissioner's decision. The Hearing Examiner's Decision is supported by more than a scintilla of evidence, and the trial court's judgment should be reversed.

Respectfully submitted,

*/s/ Kevin O'Hanlon*

Kevin O'Hanlon
*kohanlon@808west.com*
State Bar No. 15235500
O'Hanlon, Demerath & Castillo
808 West Ave.
Austin, Texas 78701
(512) 494-9949
(512) 494-9919 (fax)

Counsel for Crowley ISD

# CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that based on the word count of the computer program used to prepare the foregoing document, the relevant sections of this document contain 864 words.

*/s/ Kevin O'Hanlon*
Kevin O'Hanlon

# CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. P. 9.5(e), an automated certificate of service will be generated when this document is e-filed.

*/s/ Kevin O'Hanlon*
Kevin O'Hanlon

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lea Ohrstrom on behalf of Kevin O'Hanlon
Bar No. 15235500
lohrstrom@808west.com
Envelope ID: 97616039
Filing Code Description: Other Brief
Filing Description: Crowley ISD's Reply Brief
Status as of 2/20/2025 4:01 PM CST

Associated Case Party: Crowley Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin OHanlon | | kohanlon@808west.com | 2/20/2025 3:49:11 PM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 2/20/2025 3:49:11 PM | SENT |

Associated Case Party: Carl Stoneham

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Ortiz | | dortiz@ortizlawtx.com | 2/20/2025 3:49:11 PM | SENT |
| Giana Ortiz | | gortiz@ortizlawtx.com | 2/20/2025 3:49:11 PM | SENT |

Associated Case Party: Mike Morath

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 2/20/2025 3:49:11 PM | SENT |
| Martin Cohick | | Martin.cohick@oag.texas.gov | 2/20/2025 3:49:11 PM | SENT |