# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00439-CV

---

**Appellant, Marsha McLane, in her Official Capacity as Director of the Texas Civil Commitment Office // Cross-Appellants, Eric Thomas, John Williams, and Albert Mailhot**

**v.**

**Appellees, Eric Thomas, John Williams, and Albert Mailhot // Cross-Appellee, Marsha McLane, in her Official Capacity as Director of the Texas Civil Commitment Office**

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-16-000239, THE HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

---

## C O N C U R R I N G   O P I N I O N

I concur in this Court's judgment affirming the dismissal of appellees' claims against Marsha McLane, in her official capacity as the Director of the Texas Civil Commitment Office, for lack of subject matter jurisdiction because appellees' factual allegations in their eighth amended petition do not invoke the trial court's jurisdiction over those claims.

To invoke the trial court's jurisdiction, it was appellees' burden to allege facts that affirmatively demonstrate that sovereign immunity from suit has been waived or does not apply. *See Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017) (discussing sovereign immunity and "ultra vires" exception); *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (explaining that sovereign immunity does not bar suit to vindicate constitutional rights but that immunity from suit is not waived if constitutional claims are facially invalid); *City of El*

*Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (explaining that ultra vires action requires plaintiff to "allege, and ultimately prove, that the official acted without legal authority or failed to perform a purely ministerial act"); *Texas Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (describing plaintiff's burden to allege facts to demonstrate that jurisdiction exists).

I disagree, however, with the Court's analysis of appellees' claims brought under section 2001.038 of the Administrative Procedure Act. Because the Legislature granted the Texas Civil Commitment Office the authority to adopt rules, *see* Tex. Health & Safety Code § 841.141 (stating that Texas Civil Commitment Office by rule shall administer chapter), I would hold that the Texas Civil Commitment Office—not McLane—is the proper party for appellees' purported rule challenges. *See* Tex. Gov't Code § 2001.038 (providing limited waiver of sovereign immunity to challenge validity or applicability of rule and requiring "state agency" to be made party to action); *see also id.* § 2001.003(7) (defining "state agency" to mean "state officer, board, commission, or department with statewide jurisdiction that makes rules or determines contested cases"); *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622–23 (Tex. 2011) (distinguishing between state agency and official in context of sovereign immunity and ultra vires claims); *Texas Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 904 (Tex. App.—Austin 2009, no pet.) (explaining that state agency, as compared with state official, must be made party to action challenging validity of agency rule).

The Court's opinion assumes without deciding that McLane is a proper defendant for appellees' claims brought under section 2001.038 "[b]ecause these claims fail as a matter of law." As described, I would decide the issue and not reach the analysis performed under the assumption. Even under this assumption, however, I cannot join the Court's analysis. For example, the Court addresses appellees' argument that rule 810.273 of Title 37 of the Texas

2

Administrative Code constitutes "the unconstitutional deprivation of property" by concluding that appellees' pleadings are "conclusory allegations [that] are insufficient to overcome sovereign immunity." *See* 37 Tex. Admin. Code § 810.273 (Texas Civil Commitment Office, Cost of Housing, Treatment, and Tracking Services) (requiring civilly committed person who is not indigent to be responsible for cost of housing, treatment, and tracking services); *see also id.* § 810.122(5), (6) (Texas Civil Commitment Office, Definitions) (stating that sexually violent predator is indigent for purposes of statutorily required cost recovery "if the sexually violent predator does not have any income" and defining "income" broadly).  The essence of appellees' takings claim, however, is that McLane may not recover from them any amount of the costs of housing, treatment, and tracking services provided to them, and I would address the substance of this claim.  *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011) (considering substance of constitutional claim in reviewing plea to jurisdiction and noting that immunity is retained unless viable claim pleaded); *see also* U.S. Const. amend. V (providing that "private property [shall not] be taken for public use, without just compensation"); Tex. Const. art. I, § 17 (providing that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without just compensation being made, unless by the consent of such person").

Addressing the substance of this claim, I question whether funds collected from civilly committed individuals to recover the costs for their housing, treatment, and tracking services are being taken for a "public purpose." *Compare* Tex. Health & Safety Code § 841.146(c) (requiring State to "pay the reasonable costs of the person's treatment and supervision"), *with id.* § 841.084(a) (requiring civilly committed person who is not indigent to be responsible for cost of housing, treatment, and tracking service "[n]otwithstanding Section 841.146(c)").  But even if the State's cost recovery is for a "public purpose," appellees have

3

failed to plead a viable takings claim because they have not alleged facts that would support the conclusion that they did not receive "just compensation"—they have not alleged that they have paid or are required to pay amounts that exceed the actual costs of housing, treatment, and tracking services that have been provided to them. *See* 37 Tex. Admin. Code § 810.273 (prohibiting Texas Office of Civil Commitment from requiring payment in amount that exceeds actual cost of service); *see also Klumb,* 458 S.W.3d at 13; *Andrade*, 345 S.W.3d at 11; *Miranda*, 133 S.W.3d at 226.[1]

For these reasons, I concur in the Court's judgment that dismisses all of appellees' claims against McLane for lack of subject matter jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Filed:  March 6, 2020

---

[1] Because the relevant statutes and rules require the Texas Civil Commitment Office to seek cost recovery from civilly committed individuals, McLane is not acting ultra vires by seeking such cost recovery in accordance with these statutes and rules. *See Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017) (discussing sovereign immunity and "ultra vires" exception).