# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00753-CV

### Manana Entertainment, Inc., Appellant

### v.

### Glenn Hegar, Comptroller of Public Accounts of The State of Texas; and Ken Paxton, Attorney General of The State of Texas, Appellees

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-006663, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Manana Entertainment Inc. ("Manana") filed suit to challenge certain taxes assessed against it by Glenn Hegar, Comptroller of Public Accounts of the State of Texas. *See generally* Tex. Tax Code §§ 112.001-.156 ("Taxpayers' Suits"). After the trial court granted the Comptroller's plea to the jurisdiction and dismissed Manana's claims, Manana appealed to this Court. In light of recent precedent from the Texas Supreme Court, *see generally EBS Sols. v. Hegar*, 601 S.W.3d 744 (Tex. 2020), as to Manana's claims brought under Chapter 112 of the Tax Code, we will reverse the trial court's order and remand the case. As to Manana's claim for declaratory relief, we will affirm the trial court's dismissal.

## BACKGROUND

The Comptroller levied an assessment against Manana arising from its operation of a sexually oriented business from January 1, 2008, though May 29, 2015. *See* Tex. Bus. &

Com. Code §§ 102.051-.052 (imposing $5-per-customer fee on sexually oriented businesses). Following an administrative hearing at the State Office of Administrative Hearings (SOAH), the Administrative Law Judge (ALJ) issued a proposal for decision concluding that Manana owed approximately $640,000 in fees, interest, and penalties. After the Comptroller adopted the ALJ's proposal for decision, Manana filed suit to protest the assessment and for temporary injunctive relief pursuant to Chapter 112 of the Tax Code. *See* Tex. Tax. Code §§ 112.052 (authorizing taxpayer protest suit), .101 (authorizing taxpayer suit for injunction). In addition, Manana sought a declaration under the Uniform Declaratory Judgments Act as to "the correct amount due." *See* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011.

In response, the Comptroller filed a plea to the jurisdiction, asserting that the trial court lacked subject-matter jurisdiction over the suit. Specifically, the Comptroller asserted that the suit was barred by sovereign immunity because Manana had failed to comply with certain provisions in Chapter 112 requiring taxpayers to prepay the disputed tax assessment before filing suit. *See* Tex. Tax Code §§ 112.051, .101. In addition, the Comptroller argued that Manana could not avoid the statute's prepayment prerequisites by "styling this lawsuit as one for declaratory judgment seeking relief from the tax assessment." The trial court subsequently granted the plea and dismissed Manana's suit for lack of subject-matter jurisdiction.

On appeal, because the issues to be resolved in this case substantially overlapped, we abated this case pending the Texas Supreme Court's resolution of *EBS Solutions*. *See Manana Ent., Inc. v. Hegar*, No. 03-19-00753-CV, 2020 Tex. App. LEXIS 3157, at *1-2 (Tex. App.—Austin Apr. 16, 2020, no pet.) (mem. op.) (abatement). After the supreme court issued a decision in that case, we lifted the abatement and reinstated the appeal. On reinstatement, the parties filed supplemental briefing to address the effect of the *EBS Solutions* opinion on this appeal.

2

Sovereign immunity generally bars suits against the State or its subdivisions, absent a clear and unambiguous waiver of immunity. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620-21 (Tex. 2011). Whether sovereign immunity has been waived implicates subject-matter jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a government defendant challenges a trial court's subject-matter jurisdiction based on sovereign immunity, the plaintiff's burden to affirmatively demonstrate jurisdiction includes the burden of establishing a waiver of immunity. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Because subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Id.*

The legislature has expressly waived the State's sovereign immunity as to three types of tax challenges—protests, injunction, and refunds. *EBS Sols.*, 601 S.W.3d at 749-50. "For each of these suits, the taxpayer must meet some prepayment prerequisite prior to bringing the tax suit." *Id.* (citing Tex. Tax Code §§ 112.001, .051, .101). Relevant here, a taxpayer seeking to initiate a protest suit must first "pay the amount claimed by the state" and submit a written protest that states "fully and in detail each reason for recovering the payment." Tex. Tax. Code § 112.051(a)-(b). Similarly, a taxpayer seeking an injunction must either pay "all taxes, fees, and penalties then due" or file a "good and sufficient bond . . . in an amount equal to twice the amount of the taxes, fees, and penalties then due and that may reasonably be expected to become due during the period the order or injunction is in effect." *Id.* § 112.101(a). If a taxpayer complies with applicable prepayment prerequisites, sovereign immunity is waived, and the suit against the State may proceed. *See id.* § 112.052; *In re Nestle USA, Inc.*, 359 S.W.3d 207, 211-12 (Tex. 2012) (orig. proceeding) (concluding that Chapter 112 waives sovereign immunity

3

from suit if taxpayer complies with chapter's requirements); *see Hegar v. Alam, Inc.*, No. 03-18-00044-CV, 2021 Tex. App. LEXIS 2012, at *4 (Tex. App.—Austin Mar. 18, 2021, no pet.) (mem. op.) ("If a taxpayer complies with these [prepayment] requirements, section 112.052 waives sovereign immunity and allows the taxpayer to sue the State.").

Section 112.108, however, sets forth an exception to Chapter 112's prepayment prerequisites. *See* Tex. Tax Code § 112.108. In general, Section 112.108 allows certain taxpayers, based on their "inability to pay the tax, penalties, and interest due," to challenge a tax assessment without prepayment. *Id.*; *EBS Sols.*, 601 S.W.3d at 750. The Texas Supreme Court recently clarified in *EBS Solutions* the procedure that a trial court must use to evaluate its jurisdiction when the taxpayer has not paid the amount assessed and instead seeks to invoke the court's jurisdiction by availing itself of Section 112.108. *EBS Sols.*, 601 S.W.3d at 747-48, 760-61; *see Texley Inc. v. Hegar*, 613 S.W.3d 322, 327 (Tex. App.—Austin 2020, no pet.). The supreme court explained:

> Under [Section 112.108], a taxpayer is excused from the prepayment prerequisites otherwise required to waive the State's sovereign immunity only if: (1) the taxpayer files an oath of inability to pay the tax, penalties, and interest due; (2) a hearing is set and notice provided; (3) the trial court conducts a hearing; and (4) the trial court finds that "prepayment would constitute an unreasonable restraint on the party's right of access to the courts."

*EBS Sols.*, 601 S.W.3d at 760-61 (quoting Tex. Tax Code § 112.108).

Here, it is undisputed that Manana sought judicial review under Chapter 112 without complying with the statute's applicable prepayment prerequisites. *See* Tex. Tax Code §§ 112.051, .101. Instead, Manana filed an oath of inability to pay seeking to invoke the exception under Section 112.108. At the time that Manana filed its oath, the Texas Supreme Court had not decided *EBS Solutions*, and governing precedent, now reversed, had held that

4

Section 112.208 was unconstitutional. *See, e.g.*, *Hegar v. EBS Sols., Inc.*, 549 S.W.3d 849 (Tex. App.—Austin 2018), *rev'd*, 601 S.W.3d 744 (Tex. 2020). Citing that precedent in its plea to the jurisdiction, the Comptroller asserted that Manana could not rely on Section 112.108 "to excuse its failure to prepay the taxes, penalties and fees prior to filing this lawsuit." Accordingly, without the benefit of the Texas Supreme Court's decision in *EBS Solutions*, the trial court granted the Comptroller's plea to the jurisdiction without holding a hearing on Manana's oath of inability to pay. On appeal, Manana argues that under these circumstances, reversal and remand is appropriate. We agree.

Upon review of the record, and in light of the Texas Supreme Court's recent decision in *EBS Solutions*, we conclude that the trial court erred in dismissing Manana's suit for lack of jurisdiction. Because the trial court has jurisdiction to consider Manana's oath of inability to pay under Section 112.108, we reverse the trial court's dismissal of Manana's claims under Chapter 112 and remand for the trial court to reconsider the Comptroller's plea after conducting a hearing on Manana's oath of inability to pay. *See Texley*, 613 S.W.3d at 328 (remanding for reconsideration of plea to the jurisdiction under *EBS Solutions*); *see also South Houston Taverns, Inc. v. Hegar*, No. 03-18-00722-CV, 2020 Tex. App. LEXIS 9575, at *2 (Tex. App.—Austin Dec. 9, 2020, no pet.) (mem. op.) (same).

However, as to the trial court's dismissal of Manana's UDJA claim, we affirm. Section 112.108 generally prohibits declaratory relief in tax cases.[1] *See* Tex. Tax. Code 112.108.

---

[1] In relevant part, Section 112.108 states

Except for a restraining order or injunction issued as provided by this subchapter, *a court may not issue a restraining order, injunction, declaratory judgment*, . . . or

As a result of the Texas Supreme Court's holding in *EBS Solutions* that Section 112.108 was constitutional as applied to *EBS*, there is no jurisdictional basis for the declaratory relief requested by Manana in this case. *See Alam*, 2021 Tex. App. LEXIS 2012, at \*7 (concluding that based on "supreme court's holding in *EBS* that section 112.108's ban on declaratory relief was not unconstitutional as applied to EBS because it provides an inability-to-pay exception," there was "no jurisdictional basis for allowing the declaratory relief requested by Alam"). The trial court did not err in concluding that it lacked subject-matter jurisdiction over Manana's UDJA claim.

## CONCLUSION

We affirm the trial court's order to the extent it dismissed Manana's claim for declaratory relief. In all other respects, we reverse the trial court's order and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d).

_____
Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed in Part; Reversed and Remanded in Part

Filed:  June 24, 2021

_____

other similar legal or equitable relief against the state or a state agency relating to the applicability, assessment, collection, or constitutionality of a tax or fee covered by this subchapter or the amount of the tax or fee due . . . .

Tex. Tax. Code § 112.108 (emphasis added).

6