# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00117-CV

**The Texas Department of Public Safety, Appellant**

**v.**

**K. W., Appellee**

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 04-831-K26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court entered a final judgment ordering at least the Texas Department of Public Safety (DPS) to correct a list of offenses that, at the Legislature's direction, DPS uses for purposes of motions to request early termination of sex-offender-registration requirements.[1] *See* Tex. Code Crim. Proc. arts. 62.402, 62.404. In three appellate issues, DPS contends that the trial court had no jurisdiction over appellee K.W.'s petition for writ of mandamus against DPS and that K.W. did not prove her entitlement to mandamus relief. Because, as K.W. concedes, DPS enjoys sovereign immunity and she did not plead any valid waiver of DPS's sovereign immunity, we vacate the judgment against DPS and dismiss K.W.'s suit against it.

---

[1] We say "at least" because the parties to this appeal join issue over whether the Director of the Department of Public Safety, in his official capacity, was also bound by the trial court's judgment as a party to the suit. The Director did not notice any appeal from the judgment; only the Department did. To decide the issues raised by the Department in this appeal, we need not decide whether the Director, in his official capacity, is bound by the judgment or was or is a party to the suit. *See* Tex. R. App. P. 47.1.

## BACKGROUND

Years ago, K.W. was placed on deferred-adjudication community supervision for the offense of sexual assault for having intentionally or knowingly penetrated the sexual organ of a child. *See* Tex. Penal Code § 22.011(a)(2)(A). According to K.W.'s testimony, K.W. was then 18 years old and a senior in high school and the victim was a high-school freshman. K.W. had to register as a sex offender and has since completed her term of deferred adjudication. She wishes to move for early termination of the sex-offender-registration requirements imposed on her ever since, *see* Tex. Code Crim. Proc. art. 62.404, but says that DPS erroneously interprets her offense to be one that requires her to register as a sex offender for life. DPS's erroneous interpretation, she argues, stems from the "list of reportable convictions" that DPS has to compile and publish under Code of Criminal Procedure article 62.402. She argues that the relevant list erroneously interprets her offense as one requiring registration for life when "the minimum required registration period under federal law" for the analogous federal offense, *see id.* art. 62.402(b), is for a period less than life. K.W. petitioned the trial court for a writ of mandamus compelling DPS to correct the list of offenses. The trial court denied DPS's plea to the jurisdiction and granted the writ. DPS alone appealed.

## DISCUSSION

DPS, as an arm of state government, enjoys sovereign immunity. *See University of the Incarnate Word v. Redus*, 602 S.W.3d 398, 404–05 (Tex. 2020); *Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580–81 (Tex. 2001). Sovereign immunity implicates courts' subject-matter jurisdiction over claims against immune entities, *see Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012), so for K.W.'s claim against DPS to go forward, she must plead a valid waiver of

2

sovereign immunity, *see Texas Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 738 (Tex. App.—Austin 2014, pet. dism'd).

In her live pleading from before the trial court entered judgment, the only theory that K.W. pleaded to support a waiver of DPS's sovereign immunity was an *ultra vires* claim. Generally speaking, K.W. pleaded that DPS was shirking its statutory duty, *see* Tex. Code Crim. Proc. art. 62.402, to correctly compile the list of offenses that could be eligible for early termination of sex-offender-registration requirements in line with federal law's treatment of analogous federal offenses. K.W. sought by her suit to bring DPS into line with her view of its duties under the relevant statute.

"Even if a government entity's immunity has not been waived by the Legislature, a claim may proceed against a government official in his official capacity if the plaintiff successfully alleges that the official is engaging in *ultra vires* conduct." *Matzen v. McLane*, __ S.W.3d __, 2021 WL 5977218, at *3 (Tex. Dec. 17, 2021) (quoting *Chambers–Liberty Counties Navigation Dist. v. State*, 575 S.W.3d 339, 344 (Tex. 2019)). But such *ultra vires* claims must be pleaded against government actors in their official capacities and not against government entities themselves—the entities remain immune to such claims absent some other applicable immunity waiver. *See Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per curiam); *Bacon v. Texas Hist. Comm'n*, 411 S.W.3d 161, 176 (Tex. App.—Austin 2013, no pet.). K.W. thus has pleaded no valid waiver of sovereign immunity for her claim against DPS. She concedes as much in her appellee's brief: "DPS's argument that sovereign immunity protects it, despite its blatant error, is correct based on current case law. . . . KW concedes that it was an error to seek a writ against DPS. . . . Appellee believes the sovereign immunity protection for DPS is

3

dispositive of this appeal." We therefore sustain DPS's first issue and need not reach its other two. *See* Tex. R. App. P. 47.1.

## CONCLUSION

We vacate the trial court's judgment against DPS and dismiss K.W.'s suit against DPS for want of jurisdiction.[2]

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Vacated and Dismissed

Filed: May 6, 2022

---

[2] As stated above, we need not reach whether DPS's Director, in his official capacity, was or is a party to K.W.'s suit. No matter whether he was or was not, K.W. cannot sue DPS using the *ultra vires* theory that she has pleaded. Only DPS noticed an appeal from the trial court's judgment, and this opinion and our judgment dispose of the issues that concern DPS. If the Director, in his official capacity, was a party to the suit and properly bound by the trial court's judgment, then he remains so after this appeal. If he was not, then that scenario also remains true after this appeal.