# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00370-CV

---

**Texas Department of State Health Services, Appellant**

**v.**

**Kensington Title-Nevada, LLC, Appellee**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-001457, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The Department of State Health Services (DSHS) issued Kensington Title-Nevada, LLC (Kensington) a Notice of Violation for possession of radioactive waste without a license. *See* 25 Tex. Admin. Code § 289.252(a)(2) (Department of State Health Service, Texas Radiation Control Act). In response, Kensington brought a declaratory judgment claim against DSHS under the Administrative Procedures Act (APA), seeking a declaration that the rule does not apply to it because it does not "possess" the radioactive waste on its property. *See* Tex. Gov't. Code § 2001.038(a). DSHS filed a plea to the jurisdiction, claiming that Kensington's suit was not a proper rule-applicability challenge and therefore DSHS retained its sovereign immunity from suit. The trial court denied DSHS's plea to the jurisdiction. We reverse the trial court's order and render judgment dismissing Kensington's claims for lack of subject-matter jurisdiction.

## BACKGROUND

The subject of this appeal is a plot of real property in Denton County (the Property) that Kensington has owned since 2018. On October 21, 2020, DSHS sent Kensington a Notice of Violation, alleging that "on or before December 14, 2018, Kensington took possession of radioactive personal property located on [the Property]." The Notice of Violation also alleged that decommissioning of the site had not been completed in a timely manner and that Kensington did not have a license for the radioactive material. DSHS claimed that these actions violated Section 289.252(a)(2) of the Texas Administrative Code. *See* 25 Tex. Admin. Code § 289.252(a)(2) (the Rule). The Rule states in relevant part that "unless otherwise exempted, no person shall manufacture, produce, receive, possess, use, transfer, own, or acquire radioactive material except as authorized by [a specific or general license]." *Id.* The Notice of Violation informed Kensington it could either (1) admit the allegations and pay an $8,000 fine; (2) attend an informal conference; or (3) request a formal hearing to contest the allegations.

Kensington responded by amending its answer in an ongoing lawsuit in Denton County that had been brought in 2008 by Denton County taxing authorities for taxes due on both the Property and the radioactive personal property. In its amended answer, Kensington admitted it had owned the Property where the radioactive personal property is located since December 2018, when it foreclosed on the real estate because the previous owners, U.S. Radiopharmaceuticals Corporation (USR) stopped making payments. It also admitted that the radioactive personal property has existed on the Property since 2009. Kensington alleged that USR owns the radioactive personal property, that Denton County taxing authorities have tax liens on it, and that the property was under lock and key held by Chase Environmental Group, a Tennessee-based company Kensington hired to clean the site. Kensington claimed that the

2

Denton County taxing authorities have taken no action to act on their liens and that USR should remove the radioactive personal property from the Property. Kensington asserted that it has never been a licensee of USR, nor has it ever owned or taken possession of the radioactive personal property, and therefore that the Rule did not apply to Kensington. Kensington also added a cause of action against DSHS under Section 2001.038(a) of the APA. *See* Tex. Gov't. Code § 2001.038(a). DSHS filed a motion to sever the APA claim and transfer it to Travis County and a plea to the jurisdiction, arguing that Kensington challenged DSHS's application of the Rule, rather than the Rule's applicability, and that Section 2001.038(a) only waives DSHS's sovereign immunity for the latter kind of claim. The Denton County court granted DSHS's motion and severed the APA claim and transferred it to Travis County.

Kensington filed its first amended petition, this time seeking declaratory relief in addition to its original requests for relief under the APA:[1]

> Kensington requests the Court enter a declaratory judgment pursuant to section 2001.038(a) that DSHS may not attempt to force owners of real property to accept liability for radioactive materials abandoned on their real property or assert that owners are possessors of radioactive materials when such materials are so abandoned. Thus, DSHS's rules regarding radioactive materials do not apply to such owners of real property, which includes Kensington. Further, DSHS may not create "accidental licensees" to force owners of real property to decommission radioactive materials abandoned on their property. Further, DSHS exceeds its statutory authority when asserting that its rules apply to Kensington and attempts to force Kensington to decommission such equipment. This requested declaration does not seek to resolve the question of how to apply DSHS rules against [Kensington] but seeks an adjudication regarding whether DSHS rules apply at all to nonlicensees such as [Kensington].

In response, DSHS re-urged the arguments in its plea to the jurisdiction, arguing that Kensington actually sought a declaration as to whether the Rule applied to *it*, not whether the Rule applied at

---

[1] Kensington also sought other forms of relief that are not the subject of this appeal.

all.  Because Kensington did not bring a proper rule-applicability challenge, DSHS asserted, DSHS retained its immunity from suit.  The trial court denied DSHS's plea to the jurisdiction, and DSHS timely appealed.

The case requires us to answer a single question:  whether Kensington's request for declaratory relief under Section 2001.038(a) seeks to determine how or whether the Rule applies to Kensington, as opposed to whether the Rule applies in the factual scenario at all.  If Kensington challenges the former, Kensington has not raised a proper rule-applicability challenge and DSHS retains its sovereign immunity from suit.  We hold that Kensington seeks to challenge how the Rule applies to it and the trial court therefore erred in denying DSHS's plea to the jurisdiction.

## DISCUSSION

Sovereign immunity generally bars suits against the State or its subdivisions, absent a clear and unambiguous waiver of immunity.  *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620–21 (Tex. 2011).  Whether sovereign immunity has been waived implicates subject-matter jurisdiction.  *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).  When a government defendant challenges a trial court's subject-matter jurisdiction based on sovereign immunity, the plaintiff's burden to affirmatively demonstrate jurisdiction includes the burden of establishing a waiver of immunity.  *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).  Because subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo.  *Id.*

The APA waives governmental immunity for a suit challenging "[t]he validity or applicability of a rule" when the rule or its threatened application will interfere with, impair, or

4

threaten to interfere with or impair a legal right or privilege." *See* Tex. Gov't Code § 2001.038(a); *see also LMV-AL Ventures, LLC v. Texas Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 122 (Tex. App—Austin 2017, pet. denied). Section 2001.038(a) waives sovereign immunity for a declaratory judgment action to determine the applicability of a rule. *See* Tex. Gov't Code § 2001.038(a). Section 2001.038 is a waiver of immunity and, therefore, is strictly construed in favor of retained immunity. *See LMV-AL Ventures,* 520 S.W.3d at 124 ("We have repeatedly affirmed that any purported statutory waiver of sovereign immunity should be strictly construed in favor of retention of immunity.") (quoting *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012)). The parties do not dispute the validity of the Rule. Rather, Kensington brings only a rule-applicability challenge.

In the context of a rule-applicability challenge, the applicability of a rule is different than a determination of how the rule applies to a set of facts. *See LVM-AL Ventures*, 520 S.W.3d at 122–25. A rule-applicability challenge is limited to determining whether a rule is capable of being applied to or is relevant to a factual situation. *Texas Alcoholic Beverage Comm'n v. D. Houston, Inc.*, No. 03-13-00327-CV, 2017 WL 2333272, at \*2 (Tex. App.—Austin May 25, 2017, pet. denied) (mem. op.) (citing *LMV-AL Ventures*, 520 S.W.3d at 122–25). Section 2001.038(a) does not, however, confer jurisdiction for a court to determine whether an agency has complied with a rule or how the rule should be applied. *See LMV-AL Ventures*, 520 S.W.3d at 124–25; *Alphonso Crutch Life Support Ctr. v. Williams*, No. 03-13-00789-CV, 2015 WL 7950713, at \*10 (Tex. App.—Austin Nov. 30, 2015, pet. denied) (mem. op.) (citing *Friends of Canyon Lake, Inc. v. Guadalupe–Blanco River Auth.*, 96 S.W.3d 519, 529 (Tex. App.—Austin 2002, pet. denied)).

As DSHS notes, the correct standard for a rule-applicability challenge is whether the rule in question may be applied to a specific factual situation. In this case, the question posed is not whether the Rule applies to Kensington specifically, meaning whether Kensington may be held liable for violating the Rule, but whether the Rule is inappropriate or irrelevant to the situation entirely. *See Texas Alcoholic Beverage Commission*, 2017 WL 2333272 at *2 ("[A] rule 'applicability' challenge authorized by Section 2001.038 is limited to determining whether a rule is capable of being applied to or is relevant to a factual situation, as distinguished from a challenge to the rule's application (i.e., 'how the rule should be applied' to particular facts or 'the specific outcome after a rule's application.')" (quoting *LMV-AL Ventures*, 520 S.W.3d at 124)). Kensington "seeks an adjudication regarding whether DSHS rules apply at all to nonlicensees such as Plaintiff," attempting to frame its claim as a rule-applicability challenge. However, DSHS's Notice of Violation cited Kensington for "possession of radioactive personal property" located on the Property, and in its brief, Kensington concedes that radioactive property exists on the property, arguing at great length that it neither owns nor possesses the radioactive materials and that one or more of the other entities—USR, Chase, or the Denton Taxing Authorities— should be considered the actual possessor(s) to whom the Rule applies. But whether Kensington may be viewed as possessing the radioactive personal property is irrelevant for these purposes because the only permissible judicial inquiry is whether the Rule applies to the factual scenario—the possession of radioactive personal property by an entity that lacks a proper license.

Kensington itself argues that the Rule applies to the possession of the materials by some entity other than Kensington. *See Texas Alcoholic Beverage Comm'n*, 2017 WL 2333272 at *2 ("[The business entity] seeks a declaration not as to the 'applicability' of Rule 35.31(b)(1), (2) and (3)—the rule would plainly be applicable or relevant to [the business entity's] situation in

6

some way—but as to the rule's application to the particular facts [the business entity] assumes (the conduct made the basis for the enforcement action was committed by independent contractors, independent businesses, or employees acting outside the course and scope)"). Our analysis must therefore end here: it would be improper for this Court to wade into the merits of Kensington's arguments to answer the question of who possesses the radioactive personal property; such a question should be resolved in the context of an administrative contested-case hearing. *See id.* The agency should have the first chance to exercise its discretion and apply its expertise in this arena. *See McKart v. United States*, 395 U.S. 185, 193–94 (1969) (explaining that "[t]he agency, like a trial court, is created for the purpose of applying a statute in the first instance . . . [a]ccordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based."); *see also* Kenneth Culp Davis, *Administrative Law Doctrines of Exhaustion of Remedies, Ripeness for Review, and Primary Jurisdiction: 1,* 28 Tex. L. Rev. 168, 169 (1949) ("Premature judicial intervention may defeat the basic legislative intent that full use should be made of the agency's specialized understanding within the particular field.").

Kensington believes that the Rule applies to someone else and does not apply to Kensington because it is a "non-licensee, non-owner." Despite Kensington's belief, the Rule applies to the factual situation—radioactive personal property owned or possessed by a non-licenseholder, and therefore Kensington has not presented a proper rule-applicability challenge required to waive DSHS's sovereign immunity.

7

## CONCLUSION

Kensington has not plead a true rule-applicability challenge that would waive DSHS's sovereign immunity, and therefore the trial court lacked subject-matter jurisdiction over Kensington's suit and erred in denying DSHS's plea to the jurisdiction. We reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing Kensington's claims for lack of subject-matter jurisdiction.

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Theofanis

Reversed and Rendered

Filed: July 7, 2023