ACCEPTED
15-24-00118-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/1/2025 1:29 PM
CHRISTOPHER A. PRINE
CLERK

**CARRINGTON COLEMAN**

Ken Carroll
Senior Counsel
214.855.3029
kcarroll@ccsb.com

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/1/2025 1:29:07 PM
CHRISTOPHER A. PRINE
Clerk

April 1, 2025

**_Via E-File_**

Fifteenth Court of Appeals of Texas
c/o Christopher A. Prine, Clerk
300 W. 15th Street, Suite 607
Austin, Texas 78701

### Notice of Supplemental Authority, Tex. R. App. P. 38.7

Re:    No. 15-24-00118-CV, *Aspire Power Ventures, LP v. Public Utilities Commission of Texas, et al.*

To the Honorable Court:

On March 28, 2025, after briefing closed in this appeal, the Supreme Court of Texas decided *Kensington Title-Nevada, LLC v. Texas Dep't of State Health Services*, No. 23-0644, 2025 WL 937478 (Tex. Mar. 28, 2025) (copy attached). *Kensington* addressed a district court's jurisdiction under Tex. Gov't Code § 2001.038 over a challenge to an agency rule that prohibits possession of radioactive material without a license. *Id.* at *1.

In Aspire's appeal pending before this Court, Appellees have argued, among other things, that Aspire's challenge to the validity of the ECRS Rules under Tex. Gov't Code § 2001.038 is barred because Aspire did not exhaust administrative remedies by first presenting its challenge to the PUC under PURA's "contested-case" procedures. ERCOT Br. at 44-47; PUC Br. at 22-26. Aspire disagreed, arguing that § 2001.038 expressly excuses a plaintiff from any requirement that it

Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main Street, Suite 5500 • Dallas, Texas 75202 • fax: 214.580.2641

first exhaust potential administrative remedies before seeking relief in court. Aspire Br. at 59-60; Aspire Reply at 24-25.

The Supreme Court in *Kensington* has now resolved that issue in Aspire's favor: "Section 2001.038(a) of the Administrative Procedure Act allows a plaintiff to seek a declaratory judgment regarding the validity or applicability of an administrative rule without [first] going through an agency proceeding." *Kensington*, 2025 WL 937478, at *1. The Court explained,

> The Department, for its part, argues that the question whether Kensington "possessed" the radioactive material involves factual disputes that should be decided in an administrative proceeding followed by judicial review. Indeed, it points out that the issue was already litigated in Kensington's SOAH contested case proceeding and the ALJ found that Kensington had exercised control over the radioactive material. ***The court of appeals agreed, concluding that "the question of who possesses the radioactive personal property ... should be resolved in the context of an administrative contested-case hearing" so that the agency can "exercise its discretion and apply its expertise."*** [*Tex. Dep't of State Health Svcs. v. Kensington Title-Nevada, LLC*, 704 S.W.3d 16, 18 (Tex. App.—Austin 2023), *rev'd*, No. 23-0644, 2025 WL 937478 (Tex. Mar. 28, 2025).]
>
> ***These efforts to invoke concepts of primary jurisdiction and exhaustion of administrative remedies are misplaced.*** As we have already explained, the statute expressly authorizes a "court [to] render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question." Tex. Gov't Code § 2001.038(d).

*Kensington*, 2025 WL 937478, at *6 (emphasis added). In sum, the Texas Supreme Court in *Kensington* rejected the very same "primary jurisdiction and exhaustion" arguments asserted here by ERCOT and the PUC Parties.

Respectfully submitted,


Chrysta L. Castañeda
  Texas Bar No. 15325625
  chrysta@castaneda-firm.com
Nicole Michael
  Texas Bar No. 24067767
  nicole@castaneda-firm.com
THE CASTAÑEDA FIRM
325 N. St. Paul, Suite 2030
Dallas, Texas 75201
Phone: (214) 282-8579
Fax: (214) 602-9187

*/s/ Ken Carroll*
Monica Latin
  Texas Bar No. 00787881
  MLatin@ccsb.com
Brent M. Rubin
  Texas Bar No. 24086834
  BRubin@ccsb.com
Ken Carroll
  Texas Bar No. 03888500
  KCarroll@ccsb.com
CARRINGTON, COLEMAN,
  SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Phone: (214) 855-3000
Fax: (214) 580-2641


*Attorneys for Appellant Aspire Power Ventures, LP*

## Certificate of Service

I hereby certify that on the 1st day of April, 2025, a true and correct copy of the foregoing document has been served via the authorized electronic filing system on counsel of record for Appellees:

John R. Hulme
  John.Hulme@oag.texas.gov
Amanda Atkinson Cagle
  Amanda.Cagle@oag.texas.gov
Jordan Pratt
  Jordan.Pratt@oag.texas.gov
Environmental Protection Division
Office of the Attorney General
P.O. Box 12548, MC-066
Austin, TX 78711-2548

*Counsel for Appellees the Public Utilities Commission of Texas and its Chairman and Commissioners*

Elliot Clark
  eclark@winstead.com
Elin Isenhower
  eisenhower@winstead.com
WINSTEAD PC
600 W. 5th Street, Suite 900
Austin, TX 78701

*Counsel for Appellee ERCOT*

*/s/ Ken Carroll*
Ken Carroll

2025 WL 937478
Only the Westlaw citation
is currently available.

NOTICE: THIS OPINION HAS NOT
BEEN RELEASED FOR PUBLICATION
IN THE PERMANENT LAW REPORTS.
UNTIL RELEASED, IT IS SUBJECT
TO REVISION OR WITHDRAWAL.

Supreme Court of Texas.

KENSINGTON TITLE-
NEVADA, LLC, Petitioner,
v.
TEXAS DEPARTMENT OF STATE
HEALTH SERVICES, Respondent

No. 23-0644
|
Argued December 5, 2024
|
OPINION DELIVERED: March 28, 2025

On Petition for Review from the Court of
Appeals for the Third District of Texas, Edward
Smith.

**Attorneys and Law Firms**

Ron Beal, Professor & Attorney at Law, Waco,
for Amicus Curiae Beal, Ron.

C. Chad Lampe, Warren Norred, Norred Law,
PLLC, Arlington, for Petitioner.

Kateland R. Jackson, Brent Webster, Charles K.
Eldred, Chief, Legal Strategy Division, David
G. Gordon, James Lloyd, Deputy Attorney
General for Civil Litigation, Ted A. Ross,
Administrative Law Division, Ernest C. Garcia,

W. Kenneth Paxton Jr., Attorney General of
Texas, Office of the Attorney General, Austin,
for Respondent.

**Opinion**

Justice Busby delivered the opinion of the
Court.

**\*1** Section 2001.038(a) of the Administrative
Procedure Act allows a plaintiff to seek a
declaratory judgment regarding the validity
or applicability of an administrative rule
without going through an agency proceeding.
In this case, we address when a plaintiff has
standing to seek a declaration regarding a rule's
applicability and what kinds of applicability
declarations are within the scope of the statute's
waiver of immunity.

The rule at issue here prohibits possession
of radioactive material without a license. The
plaintiff landowner seeks a declaration that
the rule does not apply to it, alleging that
radioactive personal property located on its
land is owned and held by other parties who
are licensed. This declaration would redress
the agency's efforts to fine the landowner for
violating the rule, so we hold the landowner has
standing. In addition, because the landowner
seeks a declaration regarding whether the rule
applies at all, we hold it has alleged a proper
rule-applicability challenge within the scope of
the statute. We therefore reverse the court of
appeals' judgment dismissing the suit for lack
of subject-matter jurisdiction and remand for
further proceedings.

**BACKGROUND**

In December 2018, Kensington Title-Nevada, LLC, a Nevada-based real estate company, acquired real property in Denton, Texas after foreclosing on a lien granted by the previous owners, NuView Life Sciences, Inc. and NuView Molecular Pharmaceuticals, Inc. Located on the real property was radioactive personal property owned by US Radiopharmaceuticals, Inc. (USR). The personal property included a linear accelerator and cyclotron for creating medical radioisotopes, which are used to diagnose and treat cancers and other illnesses. That use had ceased in 2009, and NuView and USR were unable to reopen their business due to financial issues and unpaid property taxes. Earlier in 2018, the Texas Department of State Health Services had denied USR's application for a radioactive material license and ordered USR to begin decommissioning and properly disposing of the radioactive material.

Before foreclosing on the real property, Kensington warned the Department that it intended to do so and that it anticipated USR might abandon the radioactive material on the property. Kensington asked the Department to accept possession of the radioactive material to complete decommissioning, but the Department declined. Kensington then proposed a decommissioning plan to the Department under which Kensington would pay a Department-licensed contractor to remove the material. The Department approved the plan and issued the contractor a license to clean up the material. The contractor obtained a key to access the radioactive material on the property and began to clean up the material. Kensington did not have a key, and the Department declined to provide access to Kensington.

During this time, there was a pending suit by the City of Denton, Denton County, and Denton Independent School District against USR concerning unpaid taxes on the radioactive personal property. In April 2019, the taxing entities added Kensington as a party to the suit. In July, the court in that case rendered judgment against USR and authorized the taxing entities to request an order to sell USR's business personal property. The taxing entities did not act on their judgment liens. Instead, according to Kensington, they threatened to sue Kensington for theft if its contractor continued to remove USR's business personal property. At that point, Kensington's contractor ceased decommissioning activities before they were completed.

**\*2** In October 2020, the Department sent Kensington a "Notice of Violation" of Title 25, Section 289.252(a)(2) of the Texas Administrative Code. This licensing rule provides that "[u]nless otherwise exempted, no person shall manufacture, produce, receive, possess, use, transfer, own, or acquire radioactive material except as authorized by ... a specific license" to conduct an approved activity using the radioactive material. 25 TEX. ADMIN. CODE § 289.252(a)(2). The Department sought an administrative penalty of $8,000 against Kensington, alleging that Kensington took possession of radioactive material, did not complete decommissioning in a timely manner, and did not have a license for the radioactive material.

Kensington was thus caught between the conflicting demands of the government. Kensington could (1) continue decommissioning radioactive material it did not own that had been abandoned on its real property and risk being sued by the taxing entities holding a lien on that material; or (2) cease decommissioning the radioactive material and be forced to pay fines to the Department for violating the licensing rule. Furthermore, the land was useless to Kensington so long as the radioactive material remained there as Kensington could neither lease nor redevelop it.

In response to the Department's notice, Kensington amended its pleading in the ongoing Denton County tax dispute in January 2021, adding a cause of action against the Department under the Administrative Procedure Act to declare the licensing rule inapplicable. Kensington relied on Section 2001.038(a) of the Act, which provides: "The validity or applicability of a rule ... may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." TEX. GOV'T CODE § 2001.038(a).

Kensington asserted that because it was not a licensee of USR and did not own or possess the radioactive material, the licensing rule relied on by the Department did not apply to Kensington. This claim under Section 2001.038(a) of the Act was later severed and transferred to Travis County on the Department's motion.

The Department's notice of violation and Kensington's suit under the Act then proceeded on parallel tracks. The notice was referred for a contested case hearing in February 2021. In her proposal for decision, the administrative law judge found that Kensington "possessed" the radioactive material without a license in violation of the rule because it "exercised dominion" and "actual control" over the material by (1) "hiring contractors to prepare a decommissioning plan [approved by the Department] and start decommissioning ... the [material] through its [Department-licensed] contractor"; and (2) "controlling access to [the material]" by "hir[ing] a caretaker to ensure security of the [real property]" and "arrang[ing] and le[ading a] tour" of the property. The Department offered no evidence that the tour group or anyone else without a Department license accessed the radioactive material.

The ALJ recommended a $7,000 penalty, the Department issued a final order adopting the ALJ's findings and conclusions, and Kensington sought judicial review. That proceeding has been abated.

Meanwhile, the Department filed a plea to the jurisdiction in Kensington's Section 2001.038(a) suit, arguing that Kensington improperly challenged the Department's *application* of the rule rather than the *applicability* of the rule. Kensington amended its petition to request the following declarations:

**\*3** [The Department] may not attempt to force owners of real property to accept liability for radioactive materials abandoned on their real property or assert that owners are possessors of radioactive materials when

such materials are so abandoned. Thus, [the Department]'s rules regarding radioactive materials do not apply to such owners of real property, which includes Kensington.

....

[The Department] may not create "accidental licensees" to force owners of real property to decommission radioactive materials abandoned on their property. Further, [the Department] exceeds its statutory authority when asserting that its rules apply to Kensington and attempts to force Kensington to decommission such equipment.

The trial court denied the Department's plea, but the court of appeals reversed, holding that Kensington failed to allege a proper rule-applicability challenge under Section 2001.038(a) because a party must challenge *whether* a rule is capable of being applied to a factual situation, not *how* it should be applied to that situation. *See* 704 S.W.3d 16, 18-19 (Tex. App.—Austin 2023). The court observed that although Kensington sought a declaration regarding whether the rule applies to non-licensees, it merely argued that it did not own or possess the radioactive materials without disputing that the rule could apply to an entity other than itself. *Id.* The court concluded that Kensington thus failed to plead a proper rule-applicability challenge as required to waive the Department's immunity. Kensington then filed a petition for review, which we granted.

## ANALYSIS

In this Court, the Department challenges Kensington's Section 2001.038(a) action on two grounds. First, the Department argues that the district court lacked subject-matter jurisdiction over the suit because Kensington has no standing. Second, the Department asserts that Kensington's challenge improperly asks the Court to declare how the rule applies to its fact situation and therefore falls outside the scope of the statute and is barred by sovereign immunity.

We disagree on both grounds. We begin by addressing the requirements for standing to bring a Section 2001.038(a) action. Then we examine whether Kensington alleged a proper rule-applicability challenge as required to waive the Department's sovereign immunity.

### I. Kensington has standing to bring a Section 2001.038(a) action.

"Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-46 (Tex. 1993). To have constitutional standing, a party must show that it is personally injured, the injury is fairly traceable to the defendant's conduct, and the injury is likely to be redressed by the requested relief. *Heckman v. Williamson County*, 369 S.W.3d 137, 155 (Tex. 2012).

The Department argues that Kensington lacks standing because its injury—the Department's notice seeking an $8,000 penalty—is unlikely to be redressed by the requested relief. In particular, the Department contends that Kensington's requested declarations would not negate the grounds on which the ALJ concluded that Kensington "possess[ed]" radioactive material in violation of the licensing rule.

We disagree with the Department's limited view of standing in the context of a Section 2001.038(a) action. The statute permits parties to bring an action for declaratory judgment "if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." TEX. GOV'T CODE § 2001.038(a). Kensington's petition includes factual allegations that, if proven, would show interference or impairment: that even though Kensington "has never been a licensee of [the Department] or taken possession of radioactive material in any way," the Department "seeks an administrative penalty against Kensington in the amount of $8,000." Such a threatened out-of-pocket loss "is a prototypical form of injury in fact." *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 251 (Tex. 2023) (quoting *Collins v. Yellen*, 594 U.S. 220, 243, 141 S.Ct. 1761, 210 L.Ed.2d 432 (2021)).

**\*4** Kensington also requests a declaration that the licensing rule does not apply to it, which would redress the Department's threat to fine it for violating the rule. For standing purposes, it is unnecessary for us to consider whether the declaration as initially pled would fully negate each detail of the ALJ's later findings and conclusions regarding the rule's application to Kensington in the separate administrative proceeding. Section 2001.038 authorizes a "court [to] render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question." TEX. GOV'T CODE § 2001.038(d). Nor does redressability turn on which party is right about whether Kensington has alleged a proper rule-applicability challenge under the statute, as that question—which we address next—goes to the merits rather than to subject-matter jurisdiction. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020). For these reasons, we conclude Kensington has standing.

## II. Sovereign immunity is waived because Kensington alleged a proper rule-applicability challenge.

Sovereign immunity generally bars suits against the State or its subdivisions absent a waiver. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620-21 (Tex. 2011). Section 2001.038 waives sovereign immunity by expressly providing for a declaratory judgment action to determine the validity or applicability of a rule and requiring that "[t]he state agency ... be made a party." TEX. GOV'T CODE § 2001.038(c); *see City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697-98 (Tex. 2003). Thus, whether the Department can prevail on its plea to the jurisdiction turns on whether Kensington's action is within the scope of the statute.

In several cases, including this one, the court of appeals has attempted to define the scope of an authorized declaratory judgment regarding the "applicability of a rule" by distinguishing between the rule's *applicability* and its *application.* [1] We conclude this distinction is not well grounded in the statutory text, which uses the terms interchangeably. Specifically, the statute provides that an "applicability" challenge concerns whether the rule's actual or "threatened application" would harm the plaintiff in one or more of the specified ways. TEX. GOV'T CODE § 2001.038(a).

But another way the court of appeals has described an applicability challenge is perhaps more intuitive: the statute applies if the plaintiff challenges *whether* a rule applies to it, but not if the plaintiff challenges *how* that rule applies to it—that is, the plaintiff disputes what the correct outcome should be when the rule is applied to it. *See LMV-AL Ventures, LLC v. Tex. Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 124-25 (Tex. App.—Austin 2017, pet. denied). For example, in *LMV-AL Ventures*, a memory care facility sought a declaratory judgment under Section 2001.038 to compel the Texas Department of Aging and Disability Services to license thirty rooms for double occupancy. *Id.* at 117. The Department had concluded the rooms did not qualify under its rule setting minimum dimensions for double-occupancy rooms. *Id.* The court of appeals held the facility's claim was not a valid one under Section 2001.038 and therefore rendered a judgment of dismissal for want of jurisdiction. *Id.* at 125. The court explained that the facility had not sought a declaration of whether the rule applied to it, but rather a determination

whether the Department complied with the rule in applying it to the facility. *Id.*

**\*5** We observe that the language of Section 2001.038 is taken almost verbatim from Section 7 of the 1961 Model State Administrative Procedure Act. [2] All fifty states have a statute allowing plaintiffs to sue in court to challenge agency rules. Of the twenty-one other states that have adopted statutes like ours authorizing court challenges to the validity as well as the applicability of administrative rules, [3] only one other state—Arkansas—has explicitly adopted this *whether* versus *how* distinction. Much like the court of appeals here, the Arkansas Supreme Court relied on Black's Law Dictionary and the Oxford English Dictionary to hold that "[t]he applicability of a rule is different from the application of a rule." *Ark. Dep't of Fin. & Admin. v. Naturalis Health, LLC*, 2018 Ark. 224, 549 S.W.3d 901, 907 (2018). In that case, the court held that the plaintiff improperly sought a declaration that the application of the state agency's rules was "improper, unfair, and arbitrary" rather than challenging the applicability of a rule or seeking a declaration regarding whether the rules should have been applied. *Id.*

To decide this case, we need not adopt the court of appeals' whether versus how understanding of the scope of Section 2001.038(a) applicability claims. [4] But we agree with that court's conclusion in *LMV-AL Ventures* that, at minimum, applicability challenges under Section 2001.038(a) include suits seeking a declaration of whether a rule applies to the plaintiff. We also recognize that some proper applicability claims may, in seeking a declaration of whether a rule

applies, also yield guidance on how the rule would apply or the outcome of its application. Beyond that, we express no view regarding the extent to which Section 2001.038(a) includes declarations about how a rule applies to the plaintiff.

Applying this understanding of Section 2001.038(a) here, we conclude that Kensington has alleged an applicability claim within the statute's scope. Kensington sought a declaration that owners of real property are not "accidental licensees" or "possessors of radioactive materials when such materials are ... abandoned" on their property, and an "adjudication regarding *whether* [Department] rules *apply at all* to non-licensees" in this situation. In other words, Kensington asked the trial court to declare whether the licensing rule, which applies to (among others) those who possess radioactive personal property, can be applied to a non-licensee who simply owns real property on which radioactive material was abandoned. These allegations present one of the core factual scenarios covered by Section 2001.038(a), which expressly allows parties who do not believe an administrative rule governs them to challenge its applicability in a judicial proceeding when that rule threatens to interfere with their rights. Kensington thus pled a proper rule-applicability challenge within the scope of the statute's immunity waiver.

The court of appeals disagreed, holding that the statute is limited to determining whether a rule is "relevant to a factual situation" in "some way" and noting that Kensington itself argued the licensing rule applied to some other entity. 704 S.W.3d at 19-20. In the court's view, "whether Kensington may be viewed as

possessing the radioactive personal property is irrelevant for these purposes because the only permissible judicial inquiry is whether the Rule applies to the factual scenario—the possession of radioactive personal property by an entity that lacks a proper license." *Id.* at 20.

**\*6** This analysis misunderstands the nature of a declaration under Section 2001.038(a). Nothing in the text indicates that the statute applies only if it is alleged that the rule is irrelevant to anyone in the factual situation at hand; it authorizes a declaration when it is alleged that a rule or its threatened application would interfere with "a legal right or privilege *of the plaintiff*." TEX. GOV'T CODE § 2001.038(a) (emphasis added).

The court of appeals also reasoned that "the Rule applies to the factual situation ... and therefore Kensington has not presented a proper rule-applicability challenge." 704 S.W.3d at 20. This reasoning improperly collapses the threshold question whether Kensington alleged a proper rule-applicability challenge into the separate merits question of how that challenge should be resolved, using the latter to answer the former. Moreover, the court assumed the answer to the merits question, summarily concluding that the rule applies because this case involves "possession of radioactive personal property by an entity that lacks a proper license." *Id.* That is the very disputed applicability question presented by this petition: whether Kensington—the only unlicensed entity involved—possessed the radioactive personal property. The trial court did not err in concluding that Section 2001.038 gave it jurisdiction to answer that question, and we will remand for the court to do so.

The Department, for its part, argues that the question whether Kensington "possessed" the radioactive material involves factual disputes that should be decided in an administrative proceeding followed by judicial review. Indeed, it points out that the issue was already litigated in Kensington's SOAH contested case proceeding and the ALJ found that Kensington had exercised control over the radioactive material. The court of appeals agreed, concluding that "the question of who possesses the radioactive personal property ... should be resolved in the context of an administrative contested-case hearing" so that the agency can "exercise its discretion and apply its expertise." *Id.*

These efforts to invoke concepts of primary jurisdiction and exhaustion of administrative remedies are misplaced. As we have already explained, the statute expressly authorizes a "court [to] render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question." TEX. GOV'T CODE § 2001.038(d). [5] And

the court's authority to resolve factual disputes relevant to such a challenge is confirmed by the Legislature's recent addition of subsection (f), which allows the Fifteenth Court of Appeals to direct the trial court to conduct any necessary evidentiary hearings in connection with the challenge. *Id.* § 2001.038(f).

For these reasons, we hold that Kensington pled a proper rule-applicability challenge under Section 2001.038(a). The trial court should resolve the merits of that challenge on remand.

## CONCLUSION

We hold that the court of appeals erred by reversing the trial court's order denying the Department's plea to the jurisdiction. We reverse the court of appeals' judgment dismissing Kensington's suit for lack of subject-matter jurisdiction, and we remand the cause to the trial court for further proceedings.

**All Citations**

--- S.W.3d ----, 2025 WL 937478

## Footnotes

1    704 S.W.3d at 19-20; *see also, e.g., LMV-AL Ventures, LLC v. Tex. Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 124-25 (Tex. App.—Austin 2017, pet. denied); *Texas Alcoholic Beverage Comm'n v. D. Houston, Inc.*, No. 03-13-00327-CV, 2017 WL 2333272, at *2 (Tex. App.—Austin May 25, 2017, pet. denied).

2    MODEL STATE ADMIN. PROC. ACT § 7 (UNIF. L. COMM'N 1961).

3    *See* ALA. CODE § 41-22-10; ARK. CODE § 25-15-207(a); CONN. GEN. STAT. § 4-175; IDAHO CODE § 67-5278(1); 5 ILL. COMP. STAT. 100/5-150; LA. STAT. §

49:968(A)(1), (D); MICH. COMP. LAWS § 24.264; MONT. CODE § 2-4-506(a); NEV. REV. STAT. § 233B.110(1); N.H. REV. STAT. § 541-A:24; N.M. STAT. § 12-8-8(A); N.Y. A.P.A. LAW § 205; N.C. GEN. STAT. §§ 150B-4, 150B-43-45; OHIO REV. CODE § 199.12; OKLA. STAT. TIT. 75, § 306(A); 42 R.I. GEN. LAWS § 42-35-7; S.C. CODE § 1-23-150; S.D. CODIFIED LAWS § 1-26-14; TENN. CODE§ 4-5-225; UTAH CODE § 63G-3-602; VT. STAT. TIT. 3, § 807.

4      We also note that the Fifteenth Court of Appeals will hear future appeals in Section 2001.038(a) declaratory judgment actions. *See* Act of May 21, 2023, 88th Leg., R.S., ch. 459, § 1.10, sec. 2001.038(f), 2023 Tex. Sess. Laws. That court is not bound by precedent of the Third Court of Appeals. *See Dallas Area Rapid Transit v. Amalgamated Transit Union Loc. No. 1338*, 273 S.W.3d 659, 664-65 (Tex. 2008).

5      *See also* Pieter M. Schenkkan, *When and How Should Texas Courts Review Agency Rules?*, 47 BAYLOR L. REV. 989, 1036 (1995).

---

**End of Document**                                                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ken Carroll on behalf of Ken Carroll
Bar No. 03888500
kcarroll@ccsb.com
Envelope ID: 99134822
Filing Code Description: Letter
Filing Description: Notice of Supplemental Authority
Status as of 4/1/2025 1:38 PM CST

Associated Case Party: Aspire Power Ventures, LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chrysta L.Castaneda | | chrysta@castaneda-firm.com | 4/1/2025 1:29:07 PM | SENT |
| Nicole Michael | | nicole@castaneda-firm.com | 4/1/2025 1:29:07 PM | SENT |
| Monica Latin | | mlatin@ccsb.com | 4/1/2025 1:29:07 PM | SENT |
| Brent M.Rubin | | brubin@ccsb.com | 4/1/2025 1:29:07 PM | SENT |
| Ken Carroll | | kcarroll@ccsb.com | 4/1/2025 1:29:07 PM | SENT |

Associated Case Party: Public Utility Commission of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Hulme | | John.Hulme@oag.texas.gov | 4/1/2025 1:29:07 PM | SENT |
| Amanda AtkinsonCagle | | Amanda.Cagle@oag.texas.gov | 4/1/2025 1:29:07 PM | SENT |
| Jordan Pratt | | Jordan.Pratt@oag.texas.gov | 4/1/2025 1:29:07 PM | SENT |

Associated Case Party: Electric Reliability Council of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elin Isenhower | | eisenhower@winstead.com | 4/1/2025 1:29:07 PM | SENT |
| Elliot Clark | | eclark@winstead.com | 4/1/2025 1:29:07 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark Little | | mark.little@bakerbotts.com | 4/1/2025 1:29:07 PM | SENT |
| Macey Stokes | | macey.stokes@bakerbotts.com | 4/1/2025 1:29:07 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ken Carroll on behalf of Ken Carroll
Bar No. 03888500
kcarroll@ccsb.com
Envelope ID: 99134822
Filing Code Description: Letter
Filing Description: Notice of Supplemental Authority
Status as of 4/1/2025 1:38 PM CST

Case Contacts

| Macey Stokes | | macey.stokes@bakerbotts.com | 4/1/2025 1:29:07 PM | SENT |
|---|---|---|---|---|
| David Laurent | | david.laurent@oag.texas.gov | 4/1/2025 1:29:07 PM | SENT |
| Laura Courtney | | laura.courtney@oag.texas.gov | 4/1/2025 1:29:07 PM | SENT |
| George Fibbe | | george.fibbe@bakerbotts.com | 4/1/2025 1:29:07 PM | SENT |
| Patrick Leahy | | patrick.leahy@bakerbotts.com | 4/1/2025 1:29:07 PM | SENT |
| James ScottMcCarley | | scott.mccarley@oag.texas.gov | 4/1/2025 1:29:07 PM | SENT |