**Reversed and Remanded and Opinion filed April 24, 2025.**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00077-CV

**THE STATE OF TEXAS, Appellant**

V.

**CITY OF AUSTIN; KIRK PRESTON WATSON, MAYOR OF AUSTIN; PAIGE ELLIS, MAYOR PRO TEM OF AUSTIN; NATASHA HARPER-MADISON, VANESSA FUENTES, JOSE VELASQUEZ, JOSE "CHITO" VELA, RYAN ALTER, KRISTA LANE, MIKE SIEGEL, ZOHAIB "ZO" QADRI, AND ALISON ALTER, MEMBERS OF THE CITY COUNCIL OF AUSTIN; T.C. BROADNAX, CITY MANAGER OF AUSTIN; AND LISA DAVIS, CHIEF OF POLICE OF AUSTIN; IN THEIR OFFICIAL CAPACITIES, Appellees**

**On Appeal from the 419th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-000586**

### OPINION

In this case, the State sued a city and its officials challenging the validity and adoption of a local ordinance that prohibits law enforcement from making citations or arrests for low-level possession of marijuana misdemeanors. Recently, this

Court concluded that a substantially similar ordinance is preempted by Section 370.003 of the Texas Government Code. *State v. City of San Marcos,* No. 15–24–00084–CV, --- S.W.3d ---, 2025 WL 1142065, at *1 (Tex. App.—15th Dist. Apr. 17, 2025, no pet. h.). Consistent with *City of San Marcos*, we conclude that the ordinance in this case is also preempted by state law. Accordingly, we hold that Appellees are not immune from the State's suit.[1] We also hold that the trial court abused its discretion in denying the State's request for a temporary injunction enjoining enforcement of the ordinance. We remand the case for entry of a temporary injunction.

## BACKGROUND

The City's charter provides the citizens of Austin the power of direct legislation by initiative to "propose any ordinance, not in conflict with this Charter, the state constitution, or the state laws." Through this ballot initiative process, the citizens of Austin placed a proposed ordinance on the May 7, 2022, special election ballot. The voters approved the proposed ordinance with 85 percent voting in favor. The City Council subsequently approved the resolution, canvassing election results without discussion.

The ordinance is titled "Elimination of Marijuana Enforcement" and is codified as Article 16, Sections 16-1-1 through 16-1-3 of the city ordinances (the Ordinance). In relevant part, the Ordinance prohibits Austin police officers from issuing citations or making arrests for Class A or B misdemeanor possession of marijuana offenses, except in limited circumstances, such as when citations are

---

[1] The Third Court of Appeals also recently held the City of Killeen was not immune from a lawsuit filed by Bell County, the District Attorney's Office, and the County Attorney's Office challenging the constitutionality and validity of a similar local ordinance that prohibits law enforcement from issuing citations or arrets for misdemeanor possession of marijuana offenses. *City of Killeen, Texas v. Bell County, Texas*, No. 03–23–00313–CV, 2025 WL 1118583, at *1, 6 (Tex. App.—Austin Apr. 16, 2025, no pet. h.) (mem. op.).

part of (1) the investigation of a high-priority felony level narcotics case or (2) the investigation of a violent felony. If an officer has probable cause to believe a substance is marijuana, the officer may seize the marijuana, write a detailed report, and release the individual if possession of marijuana is the sole charge. The Austin Police Department also amended a general order regarding misdemeanor possession of marijuana to reflect the requirements of the Ordinance.

The State filed suit for declaratory judgment and injunctive relief against the City of Austin, its Mayor and City Council members, its City Manager, and the Chief of Police.[2] The State asserted claims under the Uniform Declaratory Judgment Act and the *ultra vires* doctrine, alleging that the adoption and enforcement of the Ordinance violated Article XI, section 5 of the Texas Constitution and Section 370.003 of the Local Government Code. Section 370.003 prohibits the "governing body of a municipality, . . . municipal police department, municipal attorney, county attorney, district attorney, or criminal district attorney" from "adopt[ing] a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law." Tex. Loc. Gov't Code § 370.003. The State further sought a temporary injunction to preserve the status quo while its claims proceeded and asked the trial court to issue a declaratory judgment that the Ordinance and any corresponding police department general order or directive are *ultra vires* and void.

Appellees filed a plea to the jurisdiction arguing they are entitled to governmental immunity because the State has not pleaded a viable constitutional claim demonstrating that Section 370.003 of the Local Government Code preempts or conflicts with the Ordinance and that the State lacks standing to require Appellees to "fully enforce" drug laws. Appellees also responded to the State's

_____

[2] The State sued the individuals in their official capacities.

3

application for temporary injunction asserting the State is unlikely to succeed on the merits because the Ordinance is not preempted, Section 370.003 is unconstitutional under constitutional separation-of-powers and vagueness principles, and that the State did not establish an irreparable injury. Appellees also asserted that a temporary injunction would not preserve the status quo.

The trial court heard Appellees' plea to the jurisdiction and the State's application for a temporary injunction on the same day, and the parties presented testimony and evidence. After the hearing, the trial court granted Appellees' plea to the jurisdiction and denied the State's application for temporary injunction. This appeal followed.

## DISCUSSION

### I.      Plea to the Jurisdiction[3]

In its first issue, the State argues the trial court erred in granting the Appellees' plea to the jurisdiction. We agree.

### A.      Dismissal of UDJA Claim

The UDJA waives governmental immunity for declaratory judgment actions challenging the validity of a municipal ordinance and requires the municipality be made a party to a suit. Tex. Civ. Prac. & Rem. Code § 37.006(b); *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 & n.3 (Tex. 2011); *see also City of San Marcos*, 2025 WL 1142065 at *4. To obtain declaratory relief, "it is necessary to show that the challenged law is invalid because it is unconstitutional, preempted by superior governing law, or barred for some similar reason." *State v. Zurawski*, 690 S.W.3d 644, 661 (Tex. 2024). The City does not dispute this legislative waiver of

---

[3] The applicable standard of review is provided in *City of San Marcos* and therefore we need not repeat it here. *City of San Marcos*, 2025 WL 1142065 at *4.

4

immunity, but argues the State's preemption claim is invalid.

The Texas Constitution provides that home-rule city ordinances must not "contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." Tex. Const. art. XI, § 5(a). To succeed on a preemption challenge, the party seeking to preempt a local ordinance must demonstrate that the Legislature intended to preempt the local law with "unmistakable clarity." *City of San Marcos,* 2025 WL 1142065 *5 (citing *City of Houston v. Houston Prof'l Fire Fighters' Ass'n, Local 341*, 664 S.W.3d 790, 804 (Tex. 2023)). If such Legislative intent is clear, then the local ordinance is unenforceable to the extent it conflicts with the state statute. *Id.*

Here, the State seeks a declaration that the Ordinance is preempted by Section 370.003 of the Local Government Code. Section 370.003 prohibits the "governing body of a municipality, . . . municipal police department, municipal attorney, county attorney, district attorney, or criminal district attorney" from "adopt[ing] a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law." Tex. Loc. Gov't Code § 370.003.

As context for the City of Austin's arguments that the Ordinance is not preempted by Section 370.003, it is helpful to acknowledge the City's stated reasons for adopting the Ordinance and the quandary municipalities face in enforcing marijuana laws. While marijuana is illegal in Texas, the federal 2018 Farm Bill[4] and the 2019 Texas Hemp Farming Act[5] essentially made it legal to possess hemp.[6] Testimony from the Appellees' witness explained that marijuana

---

[4] Agriculture Improvement Act of 2018, Pub. L. No. 115-334, 123 Stat. 4490 (2018).

[5] *See* Act of May 22, 2019, 86th Leg., R.S., ch. 764, 2019 Tex. Gen. Laws 2085.

[6] *See Texas Dep't of State Health Services. v. Crown Distributing LLC*, 647 S.W.3d 648,

5

and hemp both come from the cannabis plant and are indistinguishable through sight and smell alone. The difference between the two is the tetrahydrocannabinol (THC) concentration level. Thus, cannabis must be tested in a laboratory for a THC concentration above 0.3 to be determined as illegal marijuana.[7] Appellees' evidence at the hearing showed that the City's forensic department does not have the ability to test for THC concentration. Further, the Texas Department of Public Safety laboratory, a free resource for the City of Austin, does not test THC concentration for misdemeanor possession of marijuana cases. Thus, to support prosecutions of misdemeanor possession of marijuana cases, the City of Austin would have to spend a significant amount of resources to hire a private lab or go through the expensive process of validating its own lab to be able to test for THC concentration.

Relying on this evidence, the City of Austin argues that the Ordinance does not conflict with Section 370.003; rather, the Ordinance prioritizes law enforcement resources to focus on violent felonies and felony narcotics cases while still allowing enforcement of marijuana misdemeanors through seizure. The City also argues that given that police officers are afforded discretion in enforcement, Section 370.003's requirement that drug laws be "fully enforced" cannot be interpreted literally, and therefore it does not preempt the Ordinance with unmistakable clarity.

As explained in *City of San Marcos*, however, Section 370.003 is "not a mandate that local governments actually enforce all laws related to drugs. Rather, the statute prohibits local governments from putting up any *barrier* to the full

---

650 (Tex. 2022) (explaining background of the 2018 Farm Bill and the 2019 Texas Hemp Farming Act).

[7] Hemp is defined as "the plant Cannabis sativa L . . . with a detla-9 [THC] concentration of not more than 0.3 percent on a dry weight basis." Tex. Agric. Code § 121.001.

enforcement of drug-related laws." *City of San Marcos*, 2025 WL 1142065 at *6. The Ordinance plainly states police officers "shall not issue citations or make arrests for Class A or Class B misdemeanor possession of marijuana offenses, except in limited circumstances." The prohibition on citations and arrests for misdemeanor possession of marijuana offenses is a barrier to full enforcement of Texas drug laws and thus conflicts with Section 370.003. *Id.* Accordingly, we hold the State pleaded a viable claim that the Ordinance is preempted by Section 370.003 of the Local Government Code. *Id.* at *8. Therefore, the UDJA waives the City's immunity from the State's declaratory judgment action. *See* Tex. Civ. Prac. & Rem. Code § 37.006(b).

## B. Dismissal of Ultra Vires Claims

The State's petition alleged that the named city officials lacked legal authority to adopt the Ordinance and any corresponding police department general order or directive that conflicts with Section 370.003. Governmental immunity does not bar a suit that seeks to bring local government officials into compliance with state law. *In re State*, No. 24–0325, --- S.W.3d ---, 2024 WL 2983176, at *4 (Tex. June 14, 2024); *State v. Hollins*, 620 S.W.3d 400, 410 (Tex. 2020). To fall within this *ultra vires* exception, a suit "must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009); *see also Hall v. McRaven*, 508 S.W.3d 232, 240–41 (Tex. 2017).

"[A]ctions taken 'without legal authority' ha[ve] two fundamental components: (1) authority giving the official some (but not absolute) discretion to act and (2) conduct outside of that authority." *McRaven*, 508 S.W.3d at 239. A government officer acts without legal authority if he or she exceeds the bounds of the granted authority or if his or her acts conflict with the law itself. *Houston Belt*

7

*& Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016). A preempted law has no effect. *Great Dane Trailers, Inc. v. Estate of Wells*, 52 S.W.3d 737, 743 (Tex. 2001).

In this case, the Mayor, the City Council members, the City Manager, and the Chief of Police do not make any specific arguments in their briefing that their acts of adopting or approving the Ordinance or the police general order enforcing the Ordinance were not *ultra vires*. After reviewing the State's pleadings and the evidentiary record, we conclude it was error to dismiss the State's claims against the city officials at this stage of the proceedings. *See City of San Marcos*, 2025 WL 1142065 at *9–11 (concluding trial court erred in dismissing ultra vires claims against certain city officials).[8]

## C. Standing

Appellees also argue the State lacks standing to sue to require that drug laws be "fully enforced" relying on *United States v. Texas*, 599 U.S. 670 (2023) ("*Enforcement Priorities*"). In that case, Texas and Louisiana challenged the Department of Homeland Security's guidelines that prioritized arrest and removal from the United States of certain noncitizens, such as those who are suspected terrorists or dangerous criminals. *Id.* at 675. The states argued the guidelines contravened two federal statutes that required more arrests than the guidelines. *Id.* The narrow Article III standing question before the Court was "whether the Federal Judiciary may in effect order the Executive Branch to take enforcement actions against violators of federal law—here, by making more arrests." *Id.* at 684–85. The U.S. Supreme Court concluded that the states did not have Article III

---

[8] To the extent the City Council members argued their acts were not *ultra vires* because they were required to adopt the Ordinance as approved by the voters, we disagree for the reasons stated in *City of San Marcos. See id.* at *9–10.

8

standing because it has long held "that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Id.* at 674 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

*Enforcement Priorities* is inapplicable to this case. The State is not seeking to compel the City's law enforcement to make more arrests for possession of marijuana misdemeanor offenses. Rather, the State is challenging the validity and adoption of the Ordinance, which prohibits citations and arrests for possession of marijuana misdemeanor offenses, because it is preempted by state law. The State has an intrinsic right to enforce its own laws and, therefore, has standing to bring this suit. *In re State*, 2024 WL 2983176, at *4 n.4 (citing *State v. Hollins*, 620 S.W.3d 400, 410 (Tex. 2020)).

## II.     Temporary Injunction

In its second issue, the State argues the trial court erred in denying its application for temporary injunction. "To establish its right to a temporary injunction, the State must 'prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.'" *Hollins*, 620 S.W.3d at 405 (quoting *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)).

For the same reasons stated in *City of San Marcos*, we conclude the State has valid declaratory judgment and *ultra vires* claims and established a probable right to relief to prohibit enforcement of the Ordinance pending a final trial on the merits. *See City of San Marcos*, 2025 WL 1142065 at *11–13. The State, however, did not establish a probable right to recovery as to its request for an order requiring the repeal of the Ordinance. *See id.* at *13 ("Ordering the repeal of an ordinance would present grave separation-of-powers problems.").

9

Appellees also argue the State has no probable right to relief because Section 370.003 is unconstitutional under the separation-of-powers and void-for-vagueness doctrines. First, Appellees argue that Section 370.003 violates separation-of-powers requirements under Article II, section 1, of the Texas Constitution because it unduly interferes with a prosecutor's discretion in prosecuting criminal cases. Second, Appellees argue Section 370.003 is unconstitutionally vague because an ordinary person cannot tell what the phrase "fully enforce laws relating to drugs" means. These arguments are premised on Appellees' interpretation that Section 370.003 requires city officials to "fully enforce" drug laws. As explained above and in the *City of San Marcos*, Section 370.003 does not mandate full enforcement of drug laws. It prevents enacting local laws or policies that *prohibit* full enforcement of drug laws. *City of San Marcos*, 2025 WL 1142065 at *6. To the extent these arguments are challenging the State's request for a temporary injunction requiring Appellees to "fully enforce the drug laws in Chapter 481," we conclude the State is not entitled (or necessarily still seeking) this requested relief. *Id.* at *13 ("The State acknowledges that Section 370.003 does not mandate that cities fully enforce the State's drug laws; it prohibits them from adopting policies that would frustrate their ability to do so.").

Appellees also challenge the State's request for a temporary injunction ordering Appellees not to discipline any employees for enforcing the drug laws in Chapter 481 of the Texas Health and Safety Code because discipline is a discretionary act that cannot be controlled through an *ultra vires* claim. The State has established a probable right to this relief to the extent this request is encapsulated in the State's request to prohibit enforcement of the Ordinance pending a final trial on the merits. Appellees also argue that this request, as written, is too broad, and the City could not discipline an officer even for the

10

intentional violation of a person's civil rights so long as that violation was done in the name of "enforcing drug laws." This argument, however, is an issue for the trial court on remand as to the contents and the specificity of the temporary injunction order. *See City of San Marcos*, 2025 WL 1142065, at \*14–15 (concluding compliance with Texas Rule of Civil Procedure 683 is an issue for trial court on remand).

We further conclude that the State established an irreparable injury and that a temporary injunction would preserve the "status quo" for the same reasons stated in *City of San Marcos*. *See id* at \*14.

## CONCLUSION

We reverse the trial court's judgment granting the plea to the jurisdiction. We further reverse the order denying the State's request for a temporary injunction prohibiting enforcement of the Ordinance. We remand the case to the trial court for proceedings consistent with this opinion and to enter a temporary injunction prohibiting the enforcement of the Ordinance pending a final trial on the merits.

<u>/s/ Scott K. Field</u>

Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

11